## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

PARSONS V. THE COMMONWEALTH.

JANUARY 29th, 1885.

1. APPELLATE COURT—*Reversible Error.*—P., a creditor of the Commonwealth, filed in the circuit court of the city of Richmond, under Code of 1873, chapter 44, his petition against the Commonwealth and the Auditor of Public Accounts, praying judgment against her for the amount of his debt, and a rule was awarded summoning them to answer the petition. Later, before appearance for either of them, the court, *ex mero motu,* dismissed the petition against the Commonwealth. On error to this court:

HELD:

    1. Under statute, the Commonwealth of Virginia may be sued for any debt or claim due. *Higginbotham* v. *Commonwealth,* 25 Gratt. 627.

    2. But, though the order dismissing the petition against the Commonwealth, may have been unnecessary, yet as it did not affect the petitioner's right or remedy, it was not an error for which this court will reverse the order.

Error to judgment of circuit court of the city of Richmond, rendered December 24th, 1884, dismissing as to the Commonwealth of Virginia, the petition of Edwin Parsons against her and Morton Marye, as Auditor of Public Accounts of the State of Virginia.

Opinion states the case.

*Richard L. Maury,* for the plaintiff in error.

There can be no doubt that this statute certainly authorizes and permits suits to be brought against the State. Such was

its purpose, its language; especially section 6, shows clearly that judgments and decrees against the State in suits brought thereunder, are contemplated and provided for, and this court has unanimously so decided. *Higginbotham* v. *Commonwealth,* 25 Gratt. 636.

It would therefore seem to be equally certain that the Commonwealth must be named a defendant, otherwise the petition would be demurrable, since it would be found to state a claim upon and ask relief from a person who was not named a party.

It may be true that as no method of serving process upon the Commonwealth is expressly named in the act, that service upon the Auditor is service upon her, although this idea does not seem to harmonize with the requirement of section 2, "that the Auditor shall be named *a* defendant," for if it had been intended that he should thus represent the State, the language would more properly have been, "that the Auditor shall be named *the* defendant." Manifestly it was contemplated that there would be more than a single defendant to such petitions.

But even if this be so, and if it be true that service upon the Auditor is service upon the Commonwealth, that can be no reason why the Commonwealth, thus to be served with process, should not be named a defendant. Unless the Commonwealth is named a defendant, the suit certainly cannot be said to have been brought against her; and yet the very object of the statute is to provide a mode by which this shall be done.

It was, therefore, entirely premature and irregular in the learned judge to undertake to decide the matter at this early stage of the case. It would have been quite time enough to consider how process should be properly served when objection had been taken to the mode of service adopted, and if such service were found to be improper, then to dismiss the petition; but to dismiss the petition as against the Commonwealth, which was filed against her by express authority from the State, at the very threshold of the court, was surely error.

*Attorney-General F. S. Blair*, for the defendant in error.

The order of the court dismissing the said petition, was right, because it was a suit directly against the Commonwealth of Virginia as well as against her auditor.   Since the decision of the Supreme Court of the United States in the case of *Antoni* v. *Greenhow*, 107 U. S. R. 769, it can hardly be asserted that a suit can be brought against a State, whatever construction may have been placed on Higginbotham's case, 25 Gratt. 627.

There is nothing to show that that case was a suit directly against the State in the circuit court, or, if the State was sued directly, the syllabus shows that she was sued under a particular statute.

From page 630 of 25th Gratt., at bottom of page, it would seem that the suit was directly against the Second Auditor, and that it was only called *Higginbotham* v. *The Commonwealth*, when it reached the Court of Appeals.

In conclusion, a suit cannot be brought against the State of Virginia, in a forum in which she has not consented to be sued as has been done in this case; and I rely upon *Antoni* v. *Greenhow*, *Louisiana* v. *Jermel*, *Eliott* v. *Wilks*, decided by the Supreme Court of the United States in the spring of 1883.

The Code of 1873, chapter 44, shows that the State must not be sued in person, but the proceeding must be against her officers named in that chapter.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal from and *supersedeas* to a decretal order of the circuit court of Richmond city, entered December 24th, 1884, in a suit therein depending between the appellant, Edwin Parsons, and the Commonwealth of Virginia.   On the 22nd December, 1884, Edwin Parsons, the Appellant, filed his petition in the said circuit court of the city of Richmond,

in which he averred, that the Commonwealth of Virginia is indebted to him in the sum of $24,000; for which amount he holds her past due obligations, being 800 of her coupons, for $30 each, cut from bonds of the Commonwealth, issued under the Act of the General Assembly, dated March 30th, 1871; that the Commonwealth had refused to pay them, and therefore prayed judgment against it for that amount, and interest according to law; and that a summons issue requiring the said Commonwealth of Virginia, and Morton Marye, Auditor of the Commonwealth of Virginia, to appear and answer the said petition, and show cause, if any, they, or either of them, can, why such judgment should not be entered as prayed for, etc.

In response to this petition, the said circuit court, on the 22d December, 1884, issued "a summons to the Commonwealth of Virginia, and to Morton Marye, Auditor of the Commonwealth of Virginia, to appear, on the 1st Monday of February, 1885, and answer said petition, and show cause, if any he can, why the prayer thereof should not be granted, and why judgment should not be entered in his behalf, against the Commonwealth of Virginia, for the sum of $24,000, with interest as demanded."

On the 24th day of December, 1884, before any appearance for any of the defendants, the court, of its own motion, "ordered, that the order herein entered upon the 22d of December, 1884, be set aside; and, upon consideration of the petition, heretofore filed, this court being without jurisdiction to entertain any suit against the Commonwealth of Virginia, it is ordered that the said petition, as to the Commonwealth of Virginia, be dismissed. And, it is further "ordered that Morton Marye, Auditor of the Commonwealth of Virginia, do file his answer to said petition, on or before the first Monday of February, 1885, and show cause, if any he can, why the prayer of the petition should not be granted."

From this last mentioned order in the cause by the circuit court, this appeal is taken. The question presented by the record, seems to be more of mere form than of importance;

for while the order complained of, does amend the first order, by dismissing the petition as against the Commonwealth, *eo nomine*, as a party: yet it expressly retains the petition as against the Auditor, Marye, and summons him to answer and show cause why the prayer of the petition shall not be granted and judgment against the Commonwealth entered for the amount claimed. And this, according to the ruling of this court in *Higginbotham* v. *The Commonwealth*, 25 Gratt. 627, fixes the amenability of the State to the judgment of the court.

On page 637 of 25 Gratt., Judge Bouldin, for the court, in *Higginbotham* v. *The Commonwealth*, *supra*, said "My opinion is, that under the statutes of the State, she is liable to be sued in this case, by petition against the Auditor, and that judgment should have been rendered against her. I do not mean to intimate that a State can be sued, in any case, either by her own citizens, or by others, in her own courts, without her authority and against her consent. But it has ever been the cherished policy of Virginia, to allow to her citizens and others the largest liberty of suit against herself; and there never has been a moment since October 1778, (but two years and three months after she became an independent State,) that all persons have not enjoyed this right by express statute."

The petition filed in this case, is under the 44th chapter of the Code of 1873, whose sections from 1 to 6, inclusive, set out the mode of procedure to recover claims against the State; and the order of the circuit court of the city of Richmond, complained of, is a mere matter of pleading or procedure; for it still entertains the cause as it is made in the petition, and upon proper and sufficient proofs, judgment can be rendered against the Commonwealth for the debt claimed. The State has, by statute, allowed herself to be sued in her own court, to-wit: the circuit court of the city of Richmond; but this, *sub modo*, "in every such case the said Auditor of Public Accounts, shall be a defendant. He shall file an answer stating the objections to the claim; and the cause shall be heard, without any unnec-

essary delay, upon the petition, or bill, and answer and evidence."—Code of 1873, chapter 44, section 2.

The order of the circuit court in this case, may have been unnecessary, or, under the first and amended order in the procedure, the judgment of the court would have been exactly the same; yet it has not affected the right or the remedy of the appellant, and he has no cause for appeal. The judgment or order complained of is affirmed.

JUDGMENT AFFIRMED.