# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## MAGARITY V. SHIPMAN.

### JANUARY 20th, 1887.

### Absent, LEWIS, P.,

1. CHANCERY PRACTICE—*Report of commissioner.*—When question of fact is referred to commissioner, depending upon the conflicting statements of witnesses, the court must adopt his report, unless there be palpable error and mistake. *Bowers* v. *Bowers,* 29 Gratt. 697.
2. PAYMENTS—*Application.*—When payments have not been applied, the law appropriates them according to the equity of the case, and there is no reason why they should not be appropriated to the debt first due, undisputed, bearing the highest rate of interest, and unsecured.
3. APPELLATE COURT—*Objections.*—Where an item of account is not objected to in the court below, the objection comes too late in this court.
4. CHANCERY PRACTICE—*Costs.*—The giving of costs lies in the sound discretion of a court of equity.

Appeal from decree of circuit court of Fauquier, and of Fairfax counties, respectively, rendered December, 1883, and June, 1884, respectively, in the chancery cause in which Jonathan Magarity was plaintiff, and John J. Shipman, and others, were defendants. The decree was that Magarity pay to Mrs. Priscilla J. Shipman, one of the defendants, the sum of $78.06, with interest from 22d January, 1884, and that the parties, respectively, do each pay his or her own costs. From this decree an appeal and *supersedeas* was allowed Magarity.

Opinion states the case.

*Sands, Leake & Carter*, for the appellant.

*W. Willoughby*, for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Fauquier county, rendered at its December term, 1883. The appellant and the appellee, having been engaged in extensive business transactions together, had a settlement in February, 1872, and the appellee gave his note to the appellant for $2,212, payable three years after date, with interest from February 15, 1872; and, continuing in business, on the seventh of April, 1874, they again settled with each other, and the appellee executed his note for $3,788, payable ten years after date, with interest from date; and the appellee, Shipman, and his wife conveyed two tracts of land in Fairfax county to a trustee, to secure the payment of these two notes, on the 20th of May, 1874; one tract already being encumbered by a trust deed to secure a debt of $4,000 to W. W. Corcoran. The note of February, 1872, for $2,212, becoming due and remaining unpaid, in January, 1881, a bill was filed by the appellant to subject the lands of the appellee to the incumbrances thereon, in their order. In the meantime, the business having been further carried on by the parties with each other, the appellant had instituted, in August, 1880, an action against the appellee, at law, on the matters of open account unsettled between them. This suit was referred to a commissioner for account and report; and the common law suit having been referred to a referee, and the evidence taken in that suit in the form of depositions, the same was offered and admitted as evidence in this suit. Much testimony was taken in this suit, and the commissioner reported, showing the balance due on the note of February,

1872, to be $655.54, with interest at the rate of ten per centum from the 24th day of May, 1876. This amount was deducted from a certain recovery which had been had by the appellee, Shipman, in the common law suit of $1,214.10, with interest at the rate of six per centum per annum from the first day of January, 1880, and the balance of this judgment· of $323.59 was decreed to be applied as a credit as of the first day of January, 1880, to the bond of $3,778 reported as due the appellant; and Shipman, the appellee, was directed by this decree (which was rendered at the December term of the Fauquier circuit court, to which the cause had been removed from Fairfax county), to enter a final discharge of this said judgment; and the court decreed that Shipman, the appellee, should have the right to discharge the said bond of $3,778, by paying the amount thereof, subject to the above credit; and the cause was retransferred to the circuit court of Fairfax county, where, at the June term, 1884, a final decree was rendered, wherein it was held that Shipman, the appellee, had overpaid the bond of April, 1874, of $3,778, by a small sum. Decree was rendered for that sum, and each party was decreed to pay his own costs.

Upon appeal here, there is no question of law raised which is controverted. The whole controversy is one of fact over disputed items in the controverted transactions between the parties. The appellant assigns error in admitting improper credits to the appellee, and in crediting admitted valid offsets on the note instead of on the account; and the appellee, Shipman, assigns as error, under rule nine of this court, errors in rejecting an item of $800 claimed as a credit by him, and the action of the court in refusing to decree in his favor for his costs.

In considering the questions raised here on appeal, we will observe that the testimony was very conflicting, especially upon these disputed items, and of the parties in interest; they

directly contradicting each other. The commissioner who took the accounts was confronted with the witnesses. He saw their deportment, their manner of testifying, their capacity for recalling and accurately detailing past occurrences; whereas the court, which only sees the testimony on paper, is denied the opportunity of applying these obvious tests of accuracy and fidelity. When, therefore, a question of fact is referred to a commissioner, depending upon the testimony of witnesses, conflicting in their statements, and differing in their recollection, the court must of necessity adopt his report, unless in a case of palpable error; as, when conflicting statements are made, there is no safe method by which this court can decide between conflicting statements seen on paper. While this court will not shut its eyes and refuse to consider legal evidence, it will not attempt to pass upon the credibility of witnesses, or the weight of conflicting testimony, and reverse the trial court, except when the error is palpable and obvious, and the result arrived at is without evidence to support it, or plainly against the evidence.

In this case the several items of controversy need not be specially considered here in detail. The conclusion arrived at by the court and the commissioner is in accordance with the weight of the testimony. As to the item of $748.06 credited on the first note, it is admitted by the appellant in his settlement when the second note was given; and his defense that the receipt was retraced, and thus forged over his signature, is not sustained. As to the payments credited on the note, admitted to be just, but claimed to belong to the transactions embraced by the open account, there was no application of these by either party, and in such case the law makes the appropriation according to the equity and justice of the case, and so that it may be most beneficial to both parties; and there is no just ground why these credits should not be appro-

priated to the debt first due, and which was undisputed; and, as the direction of the debtor would have controlled the application in the first place, the court did not err, in the absence of any application by the creditor, in applying them in the manner most beneficial to the debtor—to the debt bearing the highest rate of interest. As to the item of $400 there is no exception concerning that in the court below, and the objection comes too late in this court. There is an item of $400 in each suit, but the two are one year apart as to time, and, if this constituted an overcharge, it would doubtless have been excepted to in the court below, where everything has been hotly contested. As to the exception of the appellee concerning this check for $800, rejected by the commissioner and the court, the preponderance of the evidence is greatly on the side of the decision of the court, and that matter is fully explained.

Upon the whole case, we are of opinion to affirm the decree of the court below in all respects. The decision as to costs was within the discretion of the court, and in this case this discretion was soundly exercised. The decree must be affirmed.

HINTON, J., dissented.

DECREE AFFIRMED.