## Richmond.

### SHIPMAN V. FLETCHER.

#### MAY 12th, 1887.

1. PRACTICE IN CHANCERY—*Accounts.*—Arbitrators to take account of partnership transactions, make an award, whereon a decree was founded. On appeal the decree is reversed, the award vacated, and a new account directed. Commissioner takes and reports a new account touching later transactions between the partners, but declines to embrace items embraced within the vacated awards. On his report a decree is entered. On appeal—

HELD:

This is error. New accounts must be taken conforming to that ordered by this court on the first appeal.

2. IDEM—*Commissioner's fees—Exceptions.*—Unless exception be made in the court below to the amount charged by the commissioner for his fees which he duly makes oath to and which are allowed by that court, it is too late to make exception thereto in the appellate court.

Appeal from decree of circuit court of city of Alexandria in a chancery cause wherein John I. Shipman is complainant and William Fletcher is defendant, pronounced twenty-ninth May, 1885. Opinion states the case.

*W. Willoughby* and *John W. Daniel,* for the appellant.

*Chas. E. Stuart* and *Ro. Christy,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

This is a branch of the case of Shipman against Fletcher, recently decided by this court on an appeal from a decree of

the circuit court of the city of Alexandria, rendered at its May term, 1884, in a suit between the same parties for the settlement of accounts between them as partners in the matters of several contracts for public works performed by them for the District of Columbia, one of which said contracts was known as the "Canal-Road Contract," and was numbered 561, and involved extensive and varied and complicated accounts to nearly the amount of $250,000. Another contract was for work performed by these same parties, as partners, in excavating a cellar for the Corcoran building in Washington; and the contract which is the subject of the decree complained of in this branch appeal was known and executed by these same partners as "James-Creek Canal Work," and was enlarged so as to include the paving of a part of First street, involving, the two together, about the sum of $30,000. These contracts were in the name of Shipman, Fletcher being surety upon his bond, and agreeing to furnish money to carry on the work; and the case also shows that for some years, during the time of the performance of these contracts, the said parties had dealings with one Peter Campbell, a broker in Washington, frequently making him a depositary, and obtaining money from him by discounting notes, etc.

During the time of the performance of canal-road contract numbered "561," Shipman and Fletcher had furnished stone to one Gilbert, on account of which Fletcher made large collections, and the bill filed prayed for a settlement of all these aforesaid contracts and partnership matters between the said Shipman and Fletcher. In the progress of the cause there was a submission by the parties, and a reference to arbitrators, who made an award which was approved and confirmed by the court in its decree of September 23, 1884, the cause having been argued and submitted at the May term, 1884, as follows: "The court ascertains said award to be final and binding as between the parties thereto, and a

final settlement of the matters in controversy in contract No. 561 between the plaintiff and defendant, and of all matters in controversy between the plaintiff and defendant, except those arising under the James-creek canal contract, No. —; and, as to so much of the proceedings in this cause as relates to the award heretofore referred to, the bill is hereby dismissed," etc. "And it appearing to the court that there is an unsettled account between the plaintiff and defendant, growing out of the James-creek canal contract, the court doth refer the same to Anthony W. Armstrong to state and settle said account between the parties to this suit, said Armstrong being appointed special commissioner for that purpose. In stating said account the commissioner will use the depositions and exhibits therewith heretofore filed, so far as they relate to the James-creek canal contract, and such other evidence as may be taken by either party."

From this decree an appeal and *supersedeas* was allowed by this court to so much of it as affirmed the award, and embraced all the matters in controversy between the plaintiff and defendant, except the James-creek canal contract; and this court, by its decree of December 2, 1886, reversed and annulled the decree of the circuit court of Alexandria city for account to be taken in the cause, and further proceedings to be had therein, in order to a final decree. The special commissioner, Armstrong, proceeded to execute that part of the decree of the circuit court which ordered him to state and settle an account between the parties to the suit growing out of the James-creek canal contract, and, after the taking of much evidence, made a full report and settled eight accounts between the parties, bringing the appellant, Shipman, in debt to the appellee, Fletcher, in the sum of $1,717.82. To this report the appellant filed nineteen exceptions, and the appellee two exceptions. The court overruled all the said exceptions except the third ex-

ception of the appellant, and a supplemental report was thereupon made by the commissioner, upon the basis of the court's opinion, bringing the appellant in debt to the appellee in the sum of $1,309.55, with interest thereon from July 24, 1882, which said amended report the court confirmed, and entered the final decree of May 29, 1885, against the appellant for the payment of the aforesaid sum as reported of $1,309.55, with interest thereon from July 24, 1882, and the costs of the suit, "including therein the commissioner's fee of $700, subject to a credit of $125 heretofore paid by him." From this decree this appeal is taken; and it involves no question of law, but simply questions of fact.

Was the commissioner's report right, or should the court have sustained the appellant's exceptions thereto? In taking and settling the account made up and reported by the commissioner of the matters growing out of the James-creek canal contract, many and large items were claimed and preferred by the appellant which were excluded from consideration by the commissioner solely and expressly upon the ground that the comprehensive terms of the award excluded all question upon them. As instances or samples of these, the commissioner says in his report: "Shipman makes a claim of some $3,824.81, items on a bill of Gilbert, but * * * your commissioner did not consider them in making up the account of James-creek canal, *as they were clearly covered by the award.*" "Shipman also claimed that certain items on pages 132, 134, 135, Book A copy, should be entered as a part of James-creek canal work; but as all the items relate to the digging of a cellar under what is now the Corcoran building, and work on the canal-road contract 561, done from March to May 26, 1876, the last work being finished two weeks before the James-creek canal contract was entered into, they are clearly not a part of James-creek canal work," etc.

The foregoing extracts from the commissioner's report,

and many similar in the report not quoted, show that the award having been set aside and reversed by a decree of this court, and the case remanded for an account to be taken in the cause, necessarily involves and reopens this account as to each and all the many and heavy items which, though they were preferred and pressed by the appellant as proper elements of this settlement, were excluded—not rejected or passed upon—from consideration by the commissioner because they had been adjudicated by and were covered by the award. It is assigned as error by the appellant, in his petition for appeal, that it was erroneous and injurious to his interests to attempt to settle the complicated partnership transactions of these parties to these several contracts by sections or separate accounts, they being so connected and related as to make it impossible to take separate accounts without great injustice.

We are of opinion that the decree of the circuit court confirming the report of the special commissioner, Armstrong, is erroneous, and that the said report must be recommitted, and that an account of the James creek canal contract be taken and adjusted to the account ordered to be taken in the cause by the decree of this court of December 2, 1886. 82 Va. 601.

In his assignment of errors in the petition for appeal the appellant says: "The decree is most manifestly erroneous in sustaining, as it did, the extortionate fee of the commissioner of $700, and in refusing even to allow a stay of execution for its collection upon giving bond for such stay, as the statute allows." The appellant might have excepted to and contested this fee in the court below, but, so far as the record shows, he omitted to do so; and having made affidavit as to the number of hours employed, the commissioner had a right, under the eighth section of chapter 180 of the Code of 1873, to charge at the rate of one dollar per hour employed diligently in the work.

The decree complained of is, for the foregoing reasons, erroneous, and must be reversed and annulled, and the case will be remanded to the said circuit court of the city of Alexandria for further proceedings to be had in accordance with this opinion.

DECREE REVERSED.