# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## BARBOUR, RECEIVER, v. MELENDY & RUSSELL.

### January 14th, 1892.

1. ISSUE OUT OF CHANCERY—*Conflicting evidence—New trial—Case at bar.*—Where at trial of an issue out of chancery directed to ascertain the value of a race-horse killed by carrier's negligence, there is a conflict in the evidence, the verdict of the jury, assessing his value at $17,000, will not be disturbed.

2. PRACTICE AT LAW—*Continuance.*—Overruling motion for continuance of a long-delayed suit set for trial by consent, on ground of absence of witness summoned only two days before to testify to his opinion as to the value of the race-horse whose value was in the issue;

HELD:

    No error.

Appeal from decree of circuit court of city of Alexandria, rendered November 28th, 1888, upon a verdict of a jury empaneled to try an issue out of chancery directed by a decree of this court, entered February 4th, 1884, in the cause wherein the appellant, John S. Barbour, receiver, was complainant, and A. B. Melendy and T. J. Russell were defendants. Opinion states the case.

*Charles M. Blackford,* for appellant.

*John W. Daniel,* for appellee.

LACY, J., delivered the opinion of the court.

This is the sequel of the case of *Melendy & Russell* v. *Barbour*, receiver, decided in this court on the 7th day of February, 1884, and reported in 78 Va. Rep., p. 544, where the case will be found fully stated in the opinion of this court delivered by Judge Richardson.

At the former hearing here all questions raised in the cause were decided, except as to the amount of damages actually sustained by the appellants by the negligent killing of the famous horse "Bristow."

It was contended there that by contract between the shipper and the carrier, that the former had contracted that the latter should not, under any circumstance nor for any cause, be held liable beyond the sum of $200, for any single animal carried pursuant to that agreement, although the actual value of that animal might exceed that amount.

This contention was distinctly overruled in this case by this court, and it was held that, the negligence being established, and, indeed, conceded on the part of the carrier, that the shipper was entitled to recover for the damages actually sustained, and that the said owners were entitled to recover such amount as the horse is proven to have been worth (78 Va., pp. 559, 560); and the evidence as to the value of the horse being contradictory, and there being two inconsistent commissioner's reports on this subject, and the preponderance on either side not being sufficiently clear, it was ordered that the case be remanded to the circuit court, to frame an issue out of chancery, and cause the same to be tried in a proper forum to determine that question only, all other questions being settled here at that hearing, and the cause was expressly remanded for that purpose only. See the decree in the cause, on page 565 of the said 78th volume of the Virginia Reports.

This order was executed by a transfer of the cause to the circuit court of Lynchburg to empanel a jury to try this question. The trial was had in the said court, a jury being empaneled for the purpose, and all the evidence on both sides heard

and considered, and the verdict was for the plaintiffs, fixing their damage at $17,000, without interest prior to that date, which was June 23, 1888. This verdict was approved by the trial court, and certified back to the circuit court of Alexandria city, and made the basis of the decree of that court, which is here appealed from.

The first error assigned here is that raised by the first bill of exceptions.

By that it appears that the cause was set for trial in the circuit court of Lynchburg by agreement of the parties on both sides at a special term of the court, on June 21, 1888, and that at that time, when the case was called for trial, the defendant moved for a continuance on the ground of the absence of a witness, named D. P. Ropp, resident in Washington county, Virginia, who had been summoned on the 19th of June, two days before; and upon the requisition of the court, it was stated what the witness was expected to prove.

And one Henry Hiden stated upon oath that at the instance of the counsel for the defendant he went to the house of said Ropp, and Ropp stated to him that he and his partner had a horse named Billy King, and that said partner *told him* that he had been offered $1,200 for Billy King, and he (Ropp) was sorry he did not accept the offer, and that he regarded Billy King as a better horse than Bristow; and that said Ropp stated that he was at the Bristol fair in 1887, when Bristow trotted there.

This testimony appearing irrelevant, and the value placed on Billy King being by hearsay only, and not within the knowledge of the said Ropp, but another person, and Ropp having been examined already, and his deposition being in the cause, and he having been examined and cross-examined in the case by the defendants, and there being a lack of diligence in procuring his presence, and the cause having been by mutual agreement set for argument at that time, and having already been delayed for many years, the motion for a continuance was overruled by the court, and we think rightly so. If it was

desired to have another opinion as to the value of the horse Bristow, as to which so many witnesses were present to testify, the party should have been diligent to procure his witness at a time which had been fixed by himself to convene all the witnesses.

The next question is raised by the second bill of exceptions, and is as to the refusal of the trial court to set aside the verdict and grant a new trial to the defendant.

All the evidence is certified, and it appears that the evidence was very conflicting on the single point left undecided in this cause at the first trial in this court—the value of this race-horse. The jury, the proper triers of such a question as had been decided in this case already, heard the witnesses, saw their demeanor, their manner of testifying, their deportment under the test of cross-examination, observed their directness, or evasiveness, if such; their impartiality, or their bias, if any, to or from either side; heard them contradict each other, and upon their oaths passed between them; believed some and disbelieved others, and rendered their verdict. The judge who presided at the trial had some opportunities, and doubtless improved them, saw and heard all this, and also the bearing and behavior of the jury, and observed the manner in which they had discharged their important duties; and he has said that they did right, and that their verdict ought not to be disturbed. And the chancellor has rendered his decree in accordance with the verdict.

There is no safe method by which this court can overturn this action; all witnesses are *alike* here; there is no discernment which can determine the weight of conflicting testimony, or the credibility of the testimony of witnesses seen on paper; we have none of the opportunities afforded to the trial court for discrimination on such questions.

When a question of fact is referred to a jury, depending upon the testimony of witnesses conflicting in their statements, and is passed upon by them, and approved by the trial court,

unless there be palpable error, the court must affirm, as when conflicting statements are made there is no safe method by which this court can decide between them, seen on paper. We cannot pass upon the credibility of witnesses, or the weight of conflicting testimony, and reverse the trial court, except when the error is palpable and obvious, and the result is without evidence to support it, or plainly against the evidence. See *Snouffer* v. *Hansbrough*, 79 Va. Rep. 166; *Magarity* v. *Shipman*, 82 Va. Rep. 784.

The verdict in this case cannot, upon this single question of the value of this horse, be said to be without evidence to support it or against the evidence, and upon that question the decree of the court below is right; and as all other questions in the cause have already been decided by this court in this case, they have passed beyond the realm of discussion or review, and are *res adjudicata*. The decree of the circuit court of Alexandria city must therefore be affirmed.

FAUNTLEROY, J., *dissented*.

DECREE AFFIRMED.