## Richmond.

MAGARITY V. SUCCOP'S ADM'R.

MARCH 8th, 1894.

1. SETOFFS.—Defendant in creditors' suit cannot setoff notes placed in his hands for collection, and if not collected to be returned to the owner, and which never became defendant's property.
2. COMMISSIONER'S REPORT— *When not disturbed.*—A question of fact determined by commissioner upon contradictory evidence, and approved by lower court, cannot be disturbed on appeal, unless the error be palpable.

Appeal from decree of circuit court of Fairfax county, rendered at its June term, 1891, in a cause wherein B. W. Moore, administrator of John R. Succop, deceased, and all other creditors of Jonathan Magarity and Frances Ann Magarity who should come in, &c., were complainants, and said Magarity and wife were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case.

*John Critcher*, for appellant.

*R. W. Moore* and *W. Willoughby*, for appellees.

LACY, J., delivered the opinion of the court.

The original bill was filed in April, 1884, by R. W. Moore, administrator of John R. Succop, deceased, on behalf of himself and all other creditors of Jonathan Magarity and Frances Ann Magarity who should come in on the usual terms, to subject

the property of the said Jonathan Magarity to his debt, and all other debts established against it; the said property having been conveyed by the said Jonathan Magarity to his wife, Frances Ann, subject to his debts, by deed dated the 26th day of January, 1884. Other creditors came in by petition, and many of them were paid and satisfied. Among the petitioning creditors were the appellees, John J. Shipman and his wife Priscilla, and Andrew J. Shipman; and it is concerning their claims that this controversy is continued here by this appeal. Magarity filed offsets to the claims of the said Shipman and others, and some were allowed, and others rejected, and decree rendered upon consideration of the evidence, and of sundry commissioners' reports filed in the cause, in favor of Shipman. And Magarity applied for and obtained an appeal to this court, wherein he assigns errors; and the appellees, under rule 9 of this court, assign sundry errors in their behalf, which will be considered in due course.

The first error assigned by the appellant is the rejection by the court of certain offsets offered by him, called and known in the record as the " Patch Notes," of $50 and $500. The next is that the court rejected the offset of the Fletcher judgment against Shipman, which was assigned to Magarity. The next assignment of error is that the court rejected the amount of $1,330 paid E. O. Hine in a suit against Magarity by Hine. The next is the action of the court in allowing Shipman credit for the sum of $268 83 overpayment of costs, with interest, making $284 95. The appellee assigns as error against him that the court allowed Magarity credit of $250, a note alleged to be lost, and not produced, and for the disallowance by the court of the Stilson claim, assigned to Shipman and wife, in part, it being claimed that too little was allowed. The appellant also assigns at bar another error, not set forth in his petition, the allowance of a judgment recovered in the Supreme Court of the District of Columbia by Shipman against Magarity, for $100.

As to the first assignment of error by the appellant—the rejection of the Patch notes as offsets—there is no error. The evidence shows that these notes had never become the property of the appellant. They were in the hands of Magarity for collection, and, if not collected, to be returned to Patch, as is shown by the evidence. See Wat. Setoffs, § 53.

As to assignment as to the Fletcher judgment, the setoff was properly rejected, the Fletcher judgment having been annulled on appeal to this court. See *Shipman* v. *Fletcher*, 83 Va., 349.

The rejection of the setoff of the Hine judgment is plainly right. Hine had a claim against Magarity, which he recovered. The judgment was not against Shipman, and was not connected with him in any way. Magarity employed Hine in the contractor's work, and Magarity discharged him; and Hine sued Magarity, and had a recovery. Nobody but Magarity has set up any claim on Hine's behalf against Shipman, who was not connected with the work on the piles while Hine was employed there.

As to the contention of the appellant as to the item of $268 83 with interest, making $284 95, the claim is that this is twice charged against appellant, and the argument is that No. 14 in the report is an overpayment of costs in equity suit No. 7,746, D. C., $268 83, and No. 4 in the commissioner's report is a judgment in Fairfax circuit court, $194 41 interest, and is not $268 23, and the two are identical; the recovery in one court having been sued on in the other, and both recoveries for the same thing. This is a question of fact. The point is not made by exception in this form before the commissioner or the lower court. No. 14 was not excepted to at all, and the No. 4 was excepted to for other reasons; that is, to its allowance as a debt at all. It was determined by the commissioner upon contradictory evidence, and approved by the lower court, and cannot be disturbed here, unless an error be palpable. *Magarity* v. *Shipman*, 82 Va., 784; *Bowers* v.

*Bowers*, 29 Gratt., 697.  The same may be said, and is equally conclusive, as to the fifth assignment of error.

The exceptions of the appellees as to the lost note, and as to the allowance of too little in the Stilson claim, may be considered together.  Upon the evidence, these appear to have been very confusing to the commissioner; and he hesitated to come to any conclusion, and failed to do so, in his first report. But upon a recommittal he reported as is here complained of, and the circuit court sustained him.  The lost note may have before allowed in the numerous controversies between the parties, but it is not made to clearly appear so; and the Stilson claim, considered from one side only, may have been improperly largely discredited.  But the commissioner has so reported as stated, and the trial court confirmed his action; and unless error is palpable and obvious, and the result arrived at is without evidence to support it, or plainly against the evidence, the appellate court must affirm it.  *Magarity* v. *Shipman*, 82 Va., 787.

Upon the whole case, and on all points, we are of opinion to affirm the decree of the court below as without error.

DECREE AFFIRMED.