ROBINETT

.  *v.*

ROBINETT'S  HEIRS.

(*Supreme Court of Appeals of Virginia, June 14, 1894.*)

[19 S. E. Rep. 845.]

**Exceptions to Commissioner's Report—Nature of.**

Exceptions to a commissioner's report, being in the nature of special demurrers, must specify with reasonable certainty the particular grounds of objection relied on.

**Infants—Not Chargeable with Laches—Case at Bar.**

Infants, who were of tender years when the transactions in controversy occurred, are not chargeable with laches, when neither the death of the parties, nor loss of evidence, renders it difficult to do justice, all the vouchers having been preserved.

Appeal from circuit court, Bland county ; S. W. Williams, Judge.

Bill by Iezrell Robinett's heirs against James F. Robinett, administrator of James Robinett, deceased. Decree for complainants, and defendant appeals.    Affirmed.

*Martin Williams* and *J. A. Walker*, for appellant.

*W. N. Harman*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The suit was to surcharge and falsify the *ex parte* settlements of the administrator, James Robinett, deceased, made in his lifetime, as administrator of Iezrell Robinett, deceased, and to have a full and final settlement of the administration

accounts of the said James Robinett, administrator, afore-
said, and that the said James Robinett shall be made to ac-
count for the personal estate and money belonging to and
constituting the estate of the said Iezrell Robinett, deceased,
which he took charge of and converted, and for which he
has never accounted. At the November term, 1886, the
court entered the following decree: "This cause came on
this day to be heard upon the bill and exhibits; the answer
of James F. Robinett, administrator of Iezrell Robinett, de-
ceased; replication to the answer; depositions of witnesses;
motion of complainants for an account; resistance of said
motion by defendant, James F. Robinett; and argument of
counsel. Upon consideration whereof, it is the court's opin-
ion that the complainants are entitled to have final settle-
ment of the account of James Robinett, as administrator of
Iezrell Robinett, deceased; and, to this end, it is ordered
that C. P. Munsey, who is appointed a commissioner for the
purpose, do settle and state the account of James Robinett,
administrator of Iezrell Robinett, deceased. He will
take as a basis of a settlement the *ex parte* settle-
ment made by James Robinett before the commissioner
of accounts, and modify the same so far, only, as the
proof before him is sufficient to change said settlement
as to the items of surcharge and falsifications set out in
the bill, or as to other items that may be set out by state-
ment in writing filed before him by the complainants or de-
fendant, so as to give either party notice thereof, and the
same sustained by evidence; and this cause is continued."
The commissioner, in execution of this decree, after holding
the account open for a long time, made his report, and re-
turned it to court, with the evidence and vouchers upon
which it was based, and with the exceptions thereto by com-
plainants and defendant indorsed thereon. At the April
term, 1891, the court entered a decree, appealed from, as
follows: "This cause came on this 11th day of April, 1891,

to be heard upon the papers formerly read therein, and the bills and answers which were heretofore filed in the cause, the depositions of witnesses, and exceptions thereto, and upon the report of Commissioner C. P. Munsey, filed on the 26th day of March, 1890, and the depositions taken and vouchers returned therewith, and upon the exceptions indorsed upon said report by the complainants and defendant, and the specifications of surcharge and falsification, which said record and evidence is the same considered by the commissioner in filing his report, and was argued by counsel. Upon consideration whereof, it is adjudged, ordered, and decreed that all the exceptions be overruled, and that said report be confirmed. And it appearing to the court, in said report, that James Robinett, deceased, as the administrator, was indebted to the estate of said Iezrell Robinett, deceased, in the sum of $1,377.56, as of the 1st day of March, 1890, and also in the sum of $33.20, as of same day, it is accordingly adjudged, ordered, and decreed that the complainants recover of the defendant, James F. Robinett, administrator of James Robinett, deceased, the sum of $1,410.76, to be paid out of any assets in his hands, with interest thereon from the 1st day of March, 1890, till paid, and the costs of this suit.''

The petition assigns error as follows: ''The court erred in not sustaining, and in overruling, the said exceptions to said report, and in rendering said decree against petitioner. The court should have sustained said exceptions, and should have rendered no decree against petitioner, but should have rendered a decree in petitioner's favor, for the large sum shown by the settled accounts to be due to James Robinett; the pleadings in the cause clearly raising the question, and the record and proofs in the cause, when properly considered, clearly entitling the petitioner thereto.'' This assignment of error is utterly vague and indefinite as to everything but the proposition that the decree is wrong, and distasteful

to the defendant. And the exceptions indorsed on the commissioner's report by the appellant, the overruling of which by the court is assigned as error, are wholly vague and general; no one of them pointing out or alleging any particular error or defects, or applying or referring to any one point or part of the report, or putting the finger of the exceptor upon any particular error,—being, in substance, the failure of the court to sustain the appellant's exceptions, and to decree in favor of the said appellant. The said exceptions denounce the report as "not sustained by facts, law, or reason;" as "not made upon proper or legal principles;" as "wrong and contrary to law in every particular, and it is excepted to as a whole, and to every part of it. The testimony in the case fully sustains the *ex parte* settlement in every particular," etc. These are the sweeping, general exceptions indorsed upon the commissioner's report, which he says he made up from the testimony, and the written and printed vouchers filed before him, and upon the pleadings, "after a careful examination of all the depositions, pleadings, *ex parte* settlements, and other papers in the case." This report, upon a careful review and consideration of the evidence returned with it, the court confirmed, and made the basis of the decree complained of. It was said by Judge Burks in the case of Simmons v. Simmons' Adm'r, 33 Gratt. 451, and quoted with approval by Lewis, J., in Robinson v. Allen, 85 Va. 721, 8 S. E. 835, and by Judge Lacy in Nickels v. Kane's Adm'r, 82 Va. 309, that "exceptions to a commissioner's report, being in the nature of special demurrers, must specify with reasonable certainty, where these are necessary at all, the particular grounds of objection relied on or, as the phrase is, the exceptor must put his finger on the error, that the opposing party may see clearly what he has to meet, and the court what it has to decide." In Nickels v. Kane's Adm'r, Judge Lacy refused to consider an exception to the commissioner's statement because the exception

was general, and did not point out any particular defect. See 13 Va. Law J. 151; Nickels v. Kane's Adm'r, 82 Va. 309; McGarity v. Chipman, 82 Va. 784, 1 S. E. 109; McCormick's Ex'rs v. Wright's Ex'rs, 79 Va. 524; Leake's Ex'r v. Leake, 75 Va. 792.

But, even if these exceptions, indorsed by the appellant on the commissioner's report, could be considered as in legal form, and, instead of merely assailing the report as a whole, they could be construed to specify some particular error in the report, they are wholly unsupported by the evidence before the commissioner, and returned by him, with his report, to the court.

It is disclosed in the record that the appellees were infants of tender years when the transactions in controversy occurred, and the plea of laches cannot obtain in the case. Neither the death of parties, nor the loss of evidence, renders it difficult to do justice, and all the vouchers are preserved. Lamar's Ex'r v. Hale, 79 Va. 147; Wilson v. Branch, 77 Va. 65. We find no error in the decree appealed from, and our judgment is that it is affirmed. Affirmed.