## CIRCUIT COURT OF THE CITY OF RICHMOND

Kator, Scott, & Heller, P.C., et al.

v.

William E. Landsidle,
Comptroller, et al.

October 25, 1994

Case No. HE-970-3

BY JUDGE T. J. MARKOW

This matter is before the court on Demurrer, Special Plea of Sovereign Immunity, and Motion to Dismiss. The court, finding the Special Plea of Sovereign Immunity to be dispositive, will limit its discussion to this issue.

Plaintiff, brought this action to obtain an award of attorneys' fees from the "settlement fund" established pursuant to 1994 Virginia Acts, Special Session I, Ch. 5. The fund was established to settle the case of *Harper v. Virginia Department of Taxation,* in which the plaintiff represented certain federal retirees, as members of a consolidated suit, who sought refunds of illegally collected income taxes. Plaintiff alleges entitlement to attorneys' fees pursuant to the common fund doctrine and seeks declaratory and injunctive relief which would ultimately require the Commonwealth to pay over to the Plaintiff a portion of the settlement authorized by the General Assembly. Defendant counters that sovereign immunity bars the action against it and that the Commonwealth has not waived its sovereign immunity in regard to such claims.

The question is whether the doctrine of sovereign immunity bars Plaintiff's request for declaratory and injunctive relief against the Commonwealth in this action to obtain attorneys' fees from the retirees' portions of the "settlement fund."

"The doctrine of sovereign immunity serves a multitude of purposes including, but not limited to, protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and . . . preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation." *Messina v. Burden*, 228 Va. 301, 308, 321 S.E.2d 657 (1984). Sovereign immunity is not waived by implication. Statutory language granting consent to suit must be explicitly and expressly announced. *Tunnel District v. Beecher*, 202 Va. 452, 457, 117 S.E.2d 685 (1961).

Plaintiff contends the Commonwealth has expressly consented to suits of this type in Virginia Code §§ 2.1-223.1 and 8.01-192. Virginia Code § 2.1-223.1 provides:

> Any person having any pecuniary claim against the Commonwealth upon any legal ground shall present the same to the head of the department, division, institution or agency of the Commonwealth responsible for the alleged act or omission . . . .

Virginia Code § 8.01-192 provides:

> When the Comptroller or other authorized person shall disallow . . . any such claim against the Commonwealth as is provided for by § 2.1-223.1 . . . at which time a right of action under this section shall be deemed to accrue, the person presenting such claim may petition the appropriate circuit court for redress.

Plaintiff, citing *Commonwealth v. Chalkley*, 61 Va. (20 Gratt.) 480 (1871), argues the expansive language contained in Virginia Code § 2.1-223.1, "any pecuniary claim . . . upon any legal ground," means the claim "could be sustained upon principles of law and equity." Because their claim is based upon an equitable right to an award of attorneys' fees, they contend it falls within the definition of "legal ground" as contained in the statute.

To read the language of Virginia Code § 2.1-223.1 as expansively as Plaintiff, would allow *any* person to bring *any* claim against the Commonwealth. Plaintiff's interpretation is irreconcilable with the doctrine of sovereign immunity in the Commonwealth because its necessary implication would be a complete abrogation of the doctrine. Such was not the intent of the drafters as evidenced by the extensive case law dealing with Virginia Code § 2.1-223.1.

The Defendant argues, and this court agrees, that Virginia Code § 2.1-223.1 together with Virginia Code § 8.01-192 relate to contract claims

against the Commonwealth. Even the case law relied upon by Plaintiff supports this conclusion. *Commonwealth v. Chalkley, supra,* dealt with a monetary claim against the state government based upon an implied contract theory. In *Higginbotham's Ex'x v. Commonwealth,* 66 Va. (25 Gratt.) 512 (1874), the court articulated the issue before it as:

> whether the state being bound by her compact to pay this annuity at the times indicated "forever," can be sued for failing and refusing to comply with her contract? My opinion is that she can; and that the unrestricted right to sue her in any such case has existed for very nearly a century.

66 Va. (25 Gratt.) at 516. The language "in any such case" clearly refers to contract actions. The broad language from *Higginbotham,* upon which Plaintiff relies, was in reference to whether a liquidated debt, rather than unliquidated debt, could be collected from the Commonwealth.

The language of *Stuart v. Smith-Courtney Co.,* 123 Va. 231, 234, 96 S.E. 241 (1918), is even clearer as the court refers to the predecessor of Virginia Code § 2.1-223.1, "it may be regarded as settled that proceedings based upon contracts will lie against the State and its agencies by authority of this statute." *Commonwealth v. Chilton Malting Company,* 154 Va. 28, 152 S.E. 336 (1930), also cited by Plaintiff, was an action to recover the price of malt seized by the Commonwealth premised on an implied contract theory.

Plaintiff contends that although these cases, and others cited by the Defendant, deal only with suits premised on contract theories, no court has said the scope of the statutes were limited to contract actions alone. True, no court has explicitly said such; however the overwhelming thrust of the precedential authority can only lead to that conclusion. As stated earlier, to find otherwise would be a complete abrogation of the doctrine of sovereign immunity.

In regard to the garnishment theory raised by the court in oral argument and conceded by both parties to be a viable claim, this court finds that garnishment is a suit barred against the Commonwealth by the doctrine of sovereign immunity. The Commonwealth has not consented to a suit in garnishment in any statute, and such a suit cannot be maintained pursuant to Virginia Code §§ 2.1-223.1 and 8.01-192.

Accordingly the request for declaratory and injunctive relief is denied, and the entire suit as to the Commonwealth is deemed barred by the doctrine of sovereign immunity.