# Richmond

## Morris Mann, Jr. v. County Board of Arlington County, Et Al.

June 14, 1957.

Record No. 4672.

Present, All the Justices.

The opinion states the case.

*James H. Simmonds* (*George Damm*, on brief), for the plaintiff in error.

*Frank L. Ball* and *Armistead L. Boothe* (*William J. Hassan; K. McFarlane Smith; Boothe, Dudley, Koontz & Boothe*, on brief), for the defendants in error.

MILLER, J., delivered the opinion of the court.

On May 30, 1953, Morris Mann, Jr., hereinafter called plaintiff, was struck and seriously injured by an automobile operated by James Terry. The accident occurred in Westover Shopping Center, Arlington county, Virginia, while plaintiff was walking along a sidewalk adjoining a parking lot in front of a line of stores owned by Ashton C. Jones and occupied by his tenants.

Plaintiff first filed a claim under §§ 15-253 and 15-257, Code 1950, and cognate sections,[1] against the county of Arlington for $15,000 damages, and upon its disallowance by the County Board of Arlington county (hereinafter called the Board), he appealed (§ 15-259, Code 1950) and filed an action at law in the circuit court against the Board and Jones. Plaintiff alleged that he was injured as a proximate result of their negligent construction, maintenance and operation of the sidewalk and adjoining parking lot from which Terry's car ran across the curbing and struck him.

The Board demurred to the motion for judgment and asserted that the county was a political subdivision of the State and was not liable in tort for personal injuries. Thereafter the Board's liability insurance carrier assured the Board that plaintiff's claim was within the terms and limits of the policy and the company would save the county and its employees harmless and pay any judgment that might be obtained by plaintiff against the Board. The Board thereupon asked leave of court to withdraw its demurrer, and leave being granted, it was withdrawn.

Grounds of defense filed by the Board denied that it had undertaken the maintenance and control of the sidewalk and parking area, and asserted that it was "without negligence in the premises."

In Jones' answer he denied negligence and asserted that he was under no obligation or duty to plaintiff to maintain the walkway and parking area.

---

[1] For decisions applying these sections, see 5 M. J., Counties, § 83, p. 152.

At the conclusion of the testimony motion was made by both defendants to strike the evidence.

The motion was granted as to Jones (and plaintiff excepted) but overruled as to the Board, and verdict was returned in favor of Jones but against the Board for $10,000 damages.

The Board moved to set aside the verdict on the ground that it was contrary to the law and the evidence, without evidence to support it, and because the court had erred in granting and refusing instructions and in its rulings upon admission and rejection of evidence. The court sustained the verdict as to Jones, but set it aside as to the Board, and judgment was entered accordingly. However, in the judgment order it is stated that the court on its own motion "had come to the conclusion that the court was without jurisdiction to entertain a suit against Arlington county based upon the county's negligence or that of its employees," and thus the verdict was set aside as to the Board.

Counsel for plaintiff and the Board "requested the court to indicate its decision on the county's motion to set aside the verdict." The court thereupon announced and recited in the order that it was of opinion that the Board's motion to set aside "was without merit and would have been overruled had the court had jurisdiction to entertain this suit against said defendant."

Errors assigned by Mann are that the court erred

(a) in striking the evidence as to Ashton C. Jones, and

(b) in holding that it had no jurisdiction to enter judgment against the Board.

Cross-error was assigned by the Board to the court's refusal to set aside the verdict against the Board "on all grounds of defendant's motion to set aside said verdict."

Controlling principles of law render it unnecessary to set out the evidence in detail, but summarized it is as follows:

Westover Shopping Center was built by Ashton C. Jones in 1940. It consists of a number of stores which face toward North Washington Boulevard, a section of State Route 237, a State primary highway. Between the line of stores and the boulevard, there is an area 25 feet wide and approximately 335 feet long, which was utilized for a sidewalk eight feet wide immediately in front of the stores and a parking lot 17 feet wide between the sidewalk and North Washington Boulevard. The 8-foot sidewalk was raised about six inches above the level of the parking area, and it was customary for cars

to be parked therein by heading in perpendicular to and against the elevated sidewalk, and thus vehicle bumpers often extended over the walk a foot or two.

By deed dated November 11, 1942, recorded December 23, 1942, Jones conveyed to Arlington county an "Easement for Streets and Sidewalk Purposes," in the 25-foot area situate between the line of buildings and North Washington Boulevard. After conveyance of this easement to the county and for a period of years prior to plaintiff's injury, the county provided daily street cleaning services for the parking area and walkway, but it does not appear that any repairs to the sidewalk or parking area were necessary or made during this time. Neither Jones nor the Board made any alterations in the original construction of the parking lot or sidewalk prior to plaintiff's injury. In the leases made by Jones with his tenants in the shopping center, he, as a general policy, imposed conditions that required the tenants to keep the sidewalk clean in front of their stores and not obstruct or interfere with the rights of other tenants or the lessor. In one instance a condition was imposed that the tenant and his employees should not park their vehicles in the parking area adjacent to the shopping center.

In July, 1952, about ten months before plaintiff's mishap, a child was injured on the sidewalk when an automobile operated by an inexperienced driver ran from the parking area upon the walk and crushed the child against a store front. On another occasion, a milk truck ran upon the sidewalk from the parking area and struck a store front. In each instance considerable damage was done to store fronts, and the Board and Jones had knowledge of the incident in which the child was injured. Plaintiff's wife testified that on numerous occasions she had seen other cars go over the curb onto the walk, but had witnessed no other mishaps wherein anyone had been injured or property damage inflicted.

On the afternoon that plaintiff was injured, he, his wife, and child were walking along the sidewalk between the parking area and the store fronts, though not side by side, when the car with Terry behind the wheel, suddenly mounted and crossed the 6-inch curbing between the parking area and sidewalk and crushed plaintiff against a store front.

Under the provision of Acts 1932, ch. 415, p. 872, as amended, (now § 33-44, Code 1950, *et seq.*) which act created a secondary system of State highways, Arlington county elected to withdraw from

the provisions of this act which would otherwise have incorporated its public roads and ways into the State system of highways, and thus the county still constructs, maintains and services its road system. Since conveyance by Jones to the county of the easement for street and sidewalk purposes in front of the stores, the county has utilized that area for a walkway and parking space.

After Jones conveyed the easement for street and sidewalk purposes to Arlington county, he neither had nor exercised any control over the sidewalk, curbing or parking area. Their maintenance and control were wholly vested in and exercised by the Board. 5 Am. Jur., Automobiles, § 58, p. 550. The conditions imposed in his leases were mere contractual obligations between him and his tenants.

Assuming, but not deciding that the 6-inch curbing was insufficient to prevent motor vehicles, which were allowed to park perpendicular to the sidewalk, from running upon the walk and striking pedestrians, and that other safety precautions should have been taken, it is nevertheless clear that responsibility for these conditions is not chargeable to Jones. The Board, and not he, had and exercised exclusive control over the walkway and parking lot and only it could regulate the manner of parking.

Jones was not chargeable with negligence, if any there were, in the maintenance and use of the area, nor was he responsible for the conditions obtaining when plaintiff was injured. Clearly the evidence is insufficient to justify a recovery against Jones, and the court committed no error when it struck the evidence as to him.

Assuming, but not deciding, that the Board was negligent in its maintenance of the parking area immediately adjacent to the 6-inch elevated sidewalk and permitting motor vehicles to be parked perpendicular to the curb without stanchions or other safeguards to prevent their entering, at times, upon the sidewalk, can there be a recovery against the Board for personal injuries thus proximately caused to plaintiff?

In Virginia, territorially and politically, counties are integral parts of the State. They are created for the civil administration, in keeping with the policies of the State, of such powers as may be delegated and conferred upon them, and serve as agencies of the State for the purposes specified, subject to such liabilities as are imposed upon them by law. 5 M. J., Counties, § 3, p. 90; 14 Am. Jur., Counties, § 3, p. 185; *Kirkpatrick* v. *Board of Supervisors of Arlington County*, 146 Va. 113, 127, 136 S. E. 186.

There is some conflict in the authorities, yet in the absence of constitutional or statutory provisions imposing liability, it is generally held that a county is not liable for personal injuries caused by the negligence of its officers, agents or employees. Under this view no liability is incurred by a county for tortious personal injuries resulting from negligent construction, maintenance or operation of its streets, roads and highways.

"In the absence of statute, an action of tort for injuries from defective highways cannot be maintained against the state. Nor, generally, in the absence of statutory authorization, may such an action be maintained against quasi-municipal corporations, such as counties and townships." 35 Am. Jur., Highways, § 346, p. 638. 25 Am. Jur., Highways, § 94, p. 396; 14 Am. Jur., Counties, § 48, p. 215, *et seq.;* 40 C. J. S., Highways, § 250, p. 280; 20 C. J. S., Counties, § 215, p. 1067; 5 M. J., Counties, § 84, p. 152.

Years ago Virginia committed itself to the principle that counties were not liable for tortious personal injuries resulting from negligence of its officers, servants and employees. *Fry* v. *County of Albemarle,* 86 Va. 195, 9 S. E. 1004; 5 M. J., Counties, § 84, p. 152; 17 M. J., Streets and Highways, § 84, p. 569.

The applicability of this principle to Arlington county is challenged by plaintiff. As Arlington county elected to withdraw from the operation of Acts 1932, ch. 415, p. 872, as amended, now § 33-44, Code 1950, *et seq.,* and operate its own system of roads, plaintiff insists that it should be held liable for torts caused by their negligent construction and maintenance. It is argued that the same standard of care and principle of responsibility resulting from construction and operation of these areas should be applied to Arlington county as are applied to a municipal corporation. This argument, however, fails to take into account the principle that a county cannot be sued unless and until that right and liability be conferred by law. Though Virginia has enacted legislation allowing counties to sue and be sued upon contractual obligations (§ 15-3, Code 1950), yet we find no legislation allowing it to be sued for tortious personal injuries. *Fry* v. *County of Albemarle, supra.* If liability for negligent personal injuries is to be imposed upon it, this should be accomplished through legislative action and not by judicial fiat. The principle of non-liability of a county for tortious personal injuries was determined in *Fry* v. *County of Albemarle, supra,* and has been restated in several subsequent decisions. See *Nelson County* v. *Coleman,* 126 Va.

275, 101 S. E. 413; *Nelson County* v. *Loving,* 126 Va. 283, 101 S. E. 406; *Stuart* v. *Smith-Courtney Co.,* 123 Va. 231, 96 S. E. 241.

Though Arlington county has taken on characteristics of a city and exercises many powers and performs services rendered by municipal corporations (§ 15-10, Code 1950), yet those facts do not justify our disturbance of a settled principle of law and departure from the doctrine of *stare decisis.*

■ The further contention that the county's immunity from liability for this tort had to be affirmatively asserted and was waived when the Board withdrew its demurrer cannot be sustained. Arlington county being a political subdivision of the State, its freedom from liability for this tort may be likened to the immunity that is inherent in the State. It is fundamental and jurisdictional and could not be waived by the Board.

It necessarily follows that neither withdrawal of the demurrer to the motion for judgment, nor the fact that the county was insured against loss for tortious injuries could render the Board liable in this action. These conclusions render it unnecessary that we determine the sufficiency or discuss the merits of the Board's assignment of cross-error.

The judgment appealed from is

*Affirmed.*