## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Mary Sutton Lee

> v.

Bernard A. Harmon
and City of Richmond

Mary S. Boyd

> v.

Bernard A. Harmon,
City of Richmond,
and Mary Sutton Lee

June 16, 1971

BY JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today in each of the above cases sustaining the special plea filed by the City of Richmond.

These personal injury actions arise out of a motor vehicle collision wherein an automobile being operated by Mary Sutton Lee and being occupied by Mary S. Boyd collided with a fire truck owned by the defendant, City of Richmond, and being operated by its agent acting within the scope of and during the course of his employment. The evidence offered at the time of oral argument upon these pleas was that the fire truck was being operated in response to an emergency alarm, such alarm having come into the fire station "as a box alarm."

The City has pleaded its governmental immunity to these claims.

The respective plaintiffs, in opposition to the pleas, take the position that the City is not immune under the doctrine of governmental immunity from liability for negligence of its employees in the operation of a

fire truck when the collision occurs while responding to a fire alarm. The plaintiffs cite cases from other jurisdictions wherein other courts have abrogated sovereign immunity.

The organization and operation of a fire department for the extinguishment of fires in a governmental function and a municipality is not liable for negligence of its employees in carrying out this function. *Richmond v. Warehouse Corp.*, 148 Va. 60, 70 (1927); 13 M.J., *Municipal Corporations*, Section 107. This is true insofar as the operation of the fire engine responding to a call is concerned, and this court has previously so held. *Ashbury v. Norfolk*, 152 Va. 278 (1929); *Samuel B. Witt, III, Guardian of George Bray, Incompetent v. City of Richmond and Lewis*, Law and Equity Court Ended File No. A-9314, petition for writ of error denied by order of June 11, 1965 (see specifically assignment of error No. 1). This is also the prevailing rule elsewhere in this country. 38 Am. Jur., *Municipal Corporations*, Section 624. As the claimants point out, the courts of several states have seen fit to abolish the defense of governmental immunity from acts of negligence involving the use of motor vehicles. This has been accomplished by "judidical legislation" without regard to the doctrine of *stare decisis*. The strong dissenting opinion of Justice Newton in *Brown v. City of Omaha*, 160 N.W.2d 805, 809 (1968), states most of the sound reasons against the adoption of such an activist judicial philosophy. In *Brown*, the Nebraska Supreme Court by a 4 to 3 decision completely abolished the immunity rule.

If this well-established and long-standing rule should be changed in Virginia (or even narrowed to exclude the operation of fire trucks or to abrogate the immunity up to the limits of liability insurance in existence), it should come from the General Assembly and not the courts, as was the case involving the operation of school busses owned by a locality or school board. Va. Code § 22–290.

Next, the plaintiffs contend that the City has waived its immunity by purchasing liability insurance to cover it in the event of legal liability flowing from the negligent operation of the owned vehicle. Such position cannot be sustained for it has been held that such immunity from suit is jurisdictional and fundamental and cannot be waived by the purchase of such insurance. *Mann v. County Board*, 199 Va. 169, 175 (1957). *See also, Crabbe v. School Board and Albrite*, 209 Va. 356, 359 (1968). This, too, is in accord with the general rule. 68 A.L.R.2d 1437.

Finally, the plaintiffs contend that since endorsement No. 3 on the policy of liability insurance covering this city fire vehicle provides, *inter alias*, that the City Attorney shall direct the insurer whether or not it shall raise for the City the defense of governmental immunity, that this denies the plaintiffs equal protection of the laws because at his whim, the City Attorney can determine which of several claimants similarly situated may pursue their respective causes of action against the City. Such an inquiry is not relevant to the issues in these cases since, as noted above, the purchase of such insurance does not operate as a waiver of the defense of sovereign immunity. Therefore, the terms of the agreement between the City and its insurer have no bearing on any constitutional rights which the plaintiffs may have in connection with their tort claims herein.