## CIRCUIT COURT OF PAGE COUNTY

Laura V. Buracker

v.

Page County

June 3, 1977

Case No. (Law) 5009

By JUDGE JOSHUA L. ROBINSON

The plaintiff's assault on the citadel of Governmental Immunity cannot surmount the bastion of demurrer.

The Amended Motion for Judgment alleges that the plaintiff was injured as a proximate result of the defendant County's negligence in the maintenance of an office building it owned and controlled. Plaintiff alleges that she was on the premises to conduct business with the Social Security Administration, which the County permitted to use the building as a convenience to its citizens. Count I alleges that in permitting this use the County was engaging in a proprietary function, as distinguished from a governmental function. Count II alleges that the relationship of landlord and tenant existed between the County and the Social Security Administration, that an implied covenant of the lease required the defendant to maintain the building in a safe condition, that the plaintiff was a third party beneficiary, and she sues in contract for defendant's alleged breach of implied covenant.

The County demurs on the grounds of (1) governmental immunity, and (2) misjoinder of actions in tort and contract.

The second ground of demurrer is rejected out of hand. *duPont Co. v. Universal Moulded Products Co.*, 191 Va. 525 (1950); *Swift v. Wells*, 201 Va. 213, 219 (1959); *Standard Products v. Wooldridge*, 214 Va. 476 (1974),

but this ruling portends the disposition of the first ground.

Notwithstanding subsequent decisions by distinguished courts, *e.g. Nieting v. Blondell*, 235 N.W.2d 597 (Minn. 1975); *Lorence v. Hospital Board*, 320 So.2d 531 (Ala. 1975); *Kitto v. Minot Park District*, 224 N.W.2d 795 (N.D. 1974); *Davies v. City of Bath*, 364 A.2d 1269 (Me. 1976); *but see U.S. v. New Orleans*, 425 U.S. 807, 48 L.Ed.2d 390, 96 S.Ct. 1971 (1976), this Court is bound by the denial of writ of error (216 Va. cxiii) to its opinion (which is made a part of this record) and judgment in *Floyd D. Smith v. The Town of Elkton*, (Circuit Court of Rockingham County, Law # 5454).

It is unnecessary to consider whether the allegation that the maintenance of the building was proprietary and non-governmental is a mere pleader's conclusion. *Compare, Kellam v. School Board*, 202 Va. 252, 257 (1960). This case is controlled by *Mann v. County Board*, 199 Va. 169 (1957), which was an action against Arlington County for negligent maintenance of its sidewalks. It is well settled that the maintenance of public streets by a municipality is a proprietary function. *City of Norfolk v. Hall*, 175 Va. 545, 551 (1940); *see Taylor v. Newport News*, 214 Va. 9, 10 (1973). Notwithstanding the evidence that Arlington County had taken on characteristics of a city and exercised many powers and performed many services rendered by municipal corporations (199 Va. at 175), the Court declined to extend to counties the distinction between proprietary and governmental functions and painted with a broad brush in extending immunity to counties for tortious personal injuries resulting from negligence of its officers, agents or employees. 199 Va. at 174.

A municipality, which acts in a dual capacity, one governmental and the other proprietary, is not entitled to the same immunity from tort liability that is enjoyed by the Commonwealth. *VEPCO v. Hampton Redevelopment Authority*, 217 Va. 30, 34 (1976), but counties are integral parts of the State and enjoy the State's broad immunity, *Mann v. County Board, supra* at 173, and the demurrer to Count I of the Amended Motion for Judgment must be sustained.

The second count of the Motion sounds in contract, however, and it is only from tort liability that the county is immune; Section 15.1-508 of the Code of Virginia permits a county to be sued upon "contracts made with it." Hence, the plaintiff argues, her cause of action arises from the defendant's breach of an implied covenant of a contract of lease, she is a third party beneficiary, and can sue on the contract. Analysis based on elementary principles of tort law demonstrates that this theory is inapposite. Liability in negligence depends upon (1) duty (2) breach of duty (3) proximate cause and (4) injury. Absent the contract, there would have been no duty. The alleged contract created the duty which gave rise to potential tort liability. The degree of the duty, *i.e.* the standard of required care, frequently depends upon a contractual relationship (express or implied) defining the status of the parties. If there were no impliedly contractual relationship (*e.g.*, landlord-tenant, host-guest, bailor-bailee) raising the plaintiff to the status of an invitee there was no duty even to exercise ordinary care. *See, Reagan v. Perez*, 215 Va. 325 (1974). The cause of action thus depends upon proof of negligence which is a cause of action in tort, not contract. *Restatement of Torts* 2d, §§ 357, 358, 359.

By §§ 15.1-506.1, 15.1-506.2 of the Code of Virginia, the legislature recognizes that county officials and employees may be liable individually for the improper discharge of their duties; *see Saylors v. Bullar*, 180 Va. 222, 227, 230 (1942); *Crabbe v. School Board*, 209 Va. 356 (1968). That, however, does not extend to this Court the authority to burden the taxpayers with the consequences of an employee's negligence. *Russel v. Men of Devon*, 2 Term Rep. 667, 100 Eng. Rep. 359 (1788).

The County's tort immunity therefore extends to the allegations of Count II of the Motion, and the demurrer will be sustained.