## CIRCUIT COURT OF ARLINGTON COUNTY

Leonard Armstrong

v.

Dennis R. Johnson

January 5, 1982

Case No. (Law) 21685

By JUDGE CHARLES H. DUFF

### I. *Background*

The plaintiff has filed a Motion for Judgment against Dennis R. Johnson, Chief of the Operations Division of the Department of Public Works for Arlington County, seeking damages for personal injuries received when he fell into a manhole on South Eads Street, allegedly the result of a defective manhole cover. Plaintiff charges that his injuries were proximately caused by the failure of the defendant to properly maintain the cover free from defects, by the failure to insure its proper inspection, and by the failure to warn the public of the defect. It is further alleged that defendant had notice of a prior pedestrian injury involving the same cover.

Defendant has filed a Demurrer to the Motion for Judgment and a Special Plea of Immunity. The parties have entered into a Stipulation of Facts covering the details of the defendant's duties and responsibilities as Chief of the Operations Division of the County's Department of Public Works. Able argument has been heard on the Demurrer and Plea, and briefs have been filed which have been carefully examined and which were most helpful in

resolving the issue presented. While three grounds have been cited in support of the demurrer, from the view I take of the law, sovereign immunity is dispositive of the issue. It is my judgment that the defendant is entitled to sovereign immunity, that the demurrer and plea should be sustained, and the Motion for Judgment dismissed.

## II. *Issue*

The issue presented by the pleadings is whether Johnson as the chief executive officer of the Operations Division of Arlington County's Department of Public Works is entitled to the sovereign immunity of the Commonwealth in a case alleging simple negligence in the administration of the Division.

## III. *Basis of Opinion*

The Stipulation of Facts outlines the duties of the Public Works Department, the Operations Division thereof, and specifically the duties of the defendant as chief of that division. It is clear from the stipulation that street and sidewalk construction and maintenance as well as storm sewer maintenance (including street manhole covers) are included therein. The chief of the Operations Division provides technical and administrative services and directs and coordinates activities essential to the provision of streets, sidewalks, curb and gutter and storm sewers and other transportation-related facilities. He utilizes professional engineering knowledge and exercises a wide latitude of independent judgment in discharging his responsibilities.

There appears to be no doubt that the County of Arlington shares the sovereign immunity of the Commonwealth of Virginia. As a county it differs from local school boards and from municipal corporations. It is an integral part of the Commonwealth and is not a "local government agency" as that term has been used in several of the decisions denying immunity to employees of such agencies.

In *Fry v. County of Albemarle*, 86 Va. 195 (1890), the Court in referring to the nature of counties in Virginia commented as follows, pp. 197, 198:

> Our counties are parts of the State, political subdivisions of the State, created by the sovereign power for the exercise of the functions of local government.

And in quoting with approval from an early Ohio case, the *Fry* court continued:

> A county organization is created almost exclusively with a view to the policy of the State at large for purposes of political organization and civil administration, in matters of finance . . . *of the means of travel and of transport* . . . [emphasis mine].
>
> With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state *and are in fact but a branch of the general administration of that policy.*

These basic principles were reaffirmed in *Mann v. County Board*, 199 Va. 169 (1957), where it was held that:

> Arlington County being a political subdivision of the State, its freedom from liability for this tort may be likened to the immunity that is inherent in the State.

As integral parts of the Commonwealth, political subdivisions thereof, and not merely "local government agencies," Virginia counties enjoy the absolute (unless waived) immunity of the Commonwealth. Whether a state employee, or in this case, an employee of an integral part thereof, is clothed with such immunity depends on the functions he performs and the manner of performance. Admittedly no single all-inclusive rule can be enunciated or applied in determining entitlement to sovereign immunity. An employee, as distinguished from the state, enjoys no absolute immunity. He is liable for a wanton and intentional deviation from his assigned duties (*Elder v. Holland*, 208 Va. 15 (1967)); and is also liable for conduct which is so negligent as to take him outside the scope of his employment (*Sayers v. Bullar*, 180 Va. 222 (1942)). The

recent decision of *James v. Jane*, 221 Va. 43 (1980), is instructive as to the liability of a state employee. The Court commented as follows:

> The difficulty in application comes when a state employee is charged with simple negligence, a failure to use ordinary or reasonable care in the performance of some duty and then claims the immunity of the state. Under such circumstances, we examine the function this employee was performing and the extent of the state's interest and involvement in that function. Whether the act performed involves the use of judgment and discretion is a consideration, but it is not always determinative. Virtually every act performed by a person involves the exercise of some discretion. Of equal importance is the degree of control and direction exercised by the state over the employee whose negligence is involved. In *Sayers* the control by the employer was absolute, and the discretion by the employees was minimal. In *Lawhorne* the state's interest and involvement were great, and all defendants were afforded immunity, but for widely divergent reasons. The administrators were executive officers charged with the operation of a vast hospital complex. The state's interest demanded that they exercise wide discretionary powers and be accorded immunity. The intern, although equally as essential to the operation of the hospital as the administrators, was, because of his inexperience, closely controlled, supervised and directed by his employer. Indeed, an intern is prohibited by statute, Code Section 54-276.7, from rendering medical services except under the supervision of a licensed member of the hospital staff to whom he is responsible and accountable at all times. The state's interest and the circumstances and conditions of the intern's employment required that he be afforded immunity.

The stipulated facts show the defendant to be the chief executive officer of the Operations Division of the Arlington Public Works Department. His duties are professional in nature and involve the application of skill and knowledge in solving problems in highway construction and maintenance among others. His duties are analogous to the "executive officers" in *Lawhorne v. Harlan*, 214 Va. 405 (1973), who were charged with the operation of a vast hospital complex. There the state's interest demanded that they exercise wide discretionary powers and be accorded immunity. The stipulation of facts in the case at bar prove that the defendant "has wide latitude in exercising independent judgment," subject to administrative review by the Director of the Department of Transportation. Neither the large or vital interest of both the County and the State in the successful and efficient construction and maintenance of the "means of transportation" can be seriously questioned.

There is no allegation of gross negligence or of a wanton or intentional tort. The claim is one of simple negligence. For the above reasons, it is my opinion that the Demurrer and Plea of Immunity must be sustained.