Ralph T. CAMPBELL, et al.

v.

The BOARD OF SUPERVISORS OF CHARLOTTE COUNTY, et al.

Civ. A. No. 82–0613–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 2, 1982.

G. Rodney Sager, Richmond, Va., for plaintiffs.

Alexander Wellford, Charles F. Midkiff, Dennis O. Laing, David C. Kohler, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., Alexander W. Bell, Bell, Coward, Morrison & Spies, Lynchburg, Va., Reginald H. Pettus, Keysville, Va., for defendants.

## OPINION AND ORDER

WARRINER, District Judge.

On 27 September 1982 plaintiffs Ralph T. Campbell and Ralph J. McCoig, Sr., filed this diversity action against the Board of Supervisors of Charlotte County (Supervisors), Crossroads Services Board (Board), and three individual defendants, Wayland Dunn, James Ramsey, Jr., and James Andrews. On 25 October 1982 defendant Supervisors and the three individual defendants filed motions to dismiss the complaint. In the alternative, they moved the Court for a more definite statement. On 2 November 1982 defendant Board filed a motion to dismiss and an alternative motion for a more definite statement. Plaintiffs having responded and defendants having replied, all motions are now ripe for consideration. The Court will address the motions in relation to each of the five counts seriatim.

■ Before so addressing the several counts the Court observes that the entire complaint should be dismissed as to defendants Board of Supervisors of Charlotte County and Crossroads Services Board as they are immune from suit. It appears to be settled law in Virginia that a county and its subdivisions enjoy non-waiverable complete tort immunity for intentional torts. *Lawhorne v. Harlan,* 214 Va. 405, 200 S.E.2d 569 (1973) (subdivision); *Crabbe v. County School Bd.,* 209 Va. 356, 164 S.E.2d 639 (1968) (subdivision); *Kellam v. School Bd.,* 202 Va. 252, 117 S.E.2d 96 (1960) (subdivision); *Mann v. County Bd.,* 199 Va. 169, 98 S.E.2d 515 (1957) (non-waiverable); *Commonwealth v. Chilton,* 154 Va. 28, 152 S.E. 336 (1930) (intentional tort); *Fry v. County of Albemarle,* 86 Va. 195, 9 S.E. 1004 (1889) (immune); see *Banks v. Sellers,* —— Va. ——, 294 S.E.2d 862 (1982).

Further, such a suit in federal court is most likely barred by the provisions of the Eleventh Amendment to the United States Constitution under the Virginia scheme of sovereign immunity. Compare *Mt. Healthy City Bd. of Ed. v. Doyle,* 429 U.S. 274, 280–81, 97 S.Ct. 568, 573, 50 L.Ed.2d 471 (1977) (Ohio does not consider school board as an "arm of the State" as does Virginia) with *Mann v. County Bd.,* 199 Va. at 173–75, 98 S.E.2d at 518–19 and *Fry v. Albemarle County,* 86 Va. at 197, 9 S.E. at 1005.

Defendants Board of Supervisors and Crossroads Services Board are DISMISSED as parties defendant.

■ Count I of the complaint alleges a conspiracy to injure another in his trade, business, or profession under Va.Code Ann. §§ 18.2–499, 500 (Rpl.Vol. 1982). This count is DISMISSED as to the remaining individual defendants. Plaintiffs argue in their brief that the complaint alleges it was plaintiffs' "employment [which] was the direct target of the conspiracy." Brief for Plaintiffs at 5. Va.Code § 18.2–499 does not mention employment as a protected activity. The section is aimed at conduct which injures a "business." *Ward v. Connor,* 495 F.Supp. 434, 439 (E.D.Va.1980), rev'd on other grounds, 657 F.2d 45 (4th Cir.1981); *Moore v. Allied Chemical Corp.,* 480 F.Supp. 364, 375 n. 3 (E.D.Va.1979); *Federated Graphics Companies, Inc. v. Napotnik,* 424 F.Supp. 291, 294 (E.D.Va.1976). This being a statutory claim based on penal law it should not be extended beyond its explicit scope. *Cox v. Commonwealth,* 220 Va. 22, 25, 255 S.E.2d 462, 464 (1979). Indeed it must under Virginia law be construed to exclude employment from its scope. *Tate v. Ogg,* 170 Va. 95, 103, 195 S.E. 496, 499 (1938).

■ As to Count II, charging a tortious interference with employment or conspiracy to breach a contract, the Court reserves ruling on the motion to dismiss. The individual defendants' motion for a more definite statement is hereby GRANTED. The statement shall be filed within 10 days of the entry hereof. Defendants may then renew their motion to dismiss if they be so advised.

As to Count III, intentional infliction of emotional distress, the Court reserves ruling on the motion to dismiss. The individual defendants' motion for a more definite statement is hereby GRANTED. The

**646**

statement shall be filed within 10 days of the entry hereof. Defendants may then renew their motion to dismiss if they be so advised.

As to Counts IV and V, statutory and common law defamation, the motion to dismiss is DENIED. The Court DIRECTS the plaintiffs to submit within 10 days of the entry hereof a more definite statement of 1) the words spoken, who spoke them, and to whom they were spoken, and 2) when and where they were spoken.

And it is so ORDERED.