## CIRCUIT COURT OF CLARKE COUNTY

Anna B. Hammons

    v.

Clarke County et al.

January 23, 1989

Case No. (Law) 2118

By JUDGE ROBERT K. WOLTZ

In this negligence action against the County of Clarke, its County Administrator, Lee, and a maintenance worker, Morrelli, employed by it the problem presented for resolution is raised by pleas in bar of the three defendants asserting their immunity from civil liability on the basis of sovereign immunity, or perhaps more precisely in the case of the two individuals what has been termed public-servant immunity. *See Messina v. Burden*, 228 Va. 301 (1984) (concurring opinion Poff, J.).

Plaintiff alleges she attended the General District Court of Clarke County at its courtroom and while there, as she attempted to take a seat in a chair, it collapsed causing personal injuries to her. Governing bodies of the localities are required by § 15.1-257 to "provide courthouses with suitable space and facilities to accommodate the various courts and officials thereof." That such be suitable clearly implies that they be reasonably adequate for the accommodation and use of the courts in the dispatch of their business which necessarily includes use by litigants, witnesses and others, such as the public in attendance on the court. Consequently, Clarke County had an obligation to provide reasonably safe accommodations for

the plaintiff though the pleadings do not disclose the exact capacity in which she was attending the court.

In different counts, the plaintiff alleges both negligence and gross negligence against the individual defendants. There is in her pleading, however, no specific allegation of negligence or breach of duty by Clarke County. In any event, despite this fact, the plea in bar of the county is sustained. The plea of Lee is sustained in part and denied in part. The plea of Morrelli is denied.

## I. *County Immunity*

Counties are political subdivisions of the State, and like the State, are, except where permitted by statute, not subject to suit for negligent acts. *Fry v. County of Albemarle*, 86 Va. 195 (1890). By the 1981 Virginia Tort Claims Act, §§ 8.01-195.1 et seq., the Commonwealth has subjected itself to suit for certain tortious claims as mentioned in the Act.

Despite this legislation, the sovereign immunity of counties remains. The Act expressly states in Section 8.01-195.3, "[N]or shall any provision of this article be applicable to any county, city or town in the Commonwealth or be so construed as to remove or in any way diminish the sovereign immunity of any county, city or town in the Commonwealth." Counties are not liable for injuries caused by the negligence of their officers or employees, the doctrine of respondeat superior having no application in this context to counties. *Mann v. County Board*, 199 Va. 169-173 (1987). *See also Messina v. Burden*, *supra.* On these principles, the county is held to be immune from the claim of the plaintiff.

## II. *Immunity of Lee, Administrator*

The case of *James v. Jane*, 221 Va. 43 (1980), discusses factors which bear on the immunity from suit of a public employee of an immune entity. As set out in *Messina*, these include the nature of the employees function, the extent of the entity's interest and involvement in the function, the degree of control over the employees' activities by the entity, and whether the act complained of involved the use of discretion on the part of the employee.

A county administrator is the chief operating officer of the county. Though subject to a degree of control by the governing body, many of his acts in carrying out the directions given to him require a high degree of judgment and discretion. Assuming that that direction requires him to repair and maintain the property and physical facilities owned by the county, the execution of any such directive involves discretionary acts by him. Considering the factors discussed by *James*, I hold he is immune from suit for any ordinary negligence alleged against him.

In passing, the plaintiff's motion for judgment alleges against him that he was acting in regard to the facts giving rise to this action outside the scope of his employment. This could remove the mantle of immunity the law casts over him, but this particular claim of the plaintiff is not supported by any other factual allegation, and in addition, the other factual allegations are to the contrary and the basis of the plaintiff's suit against him is in effect that he was acting within the scope of his employment. *See Lentz v. Morris*, 236 Va. 78 (1988). Note is also taken of the similarities of the duties alleged to be owed by Lee and those of the defendant in *Messina*, whose plea of sovereign immunity was sustained, being the superintendent of buildings of a community college sued for negligently maintaining steps of a college building. The plea of sovereign immunity is sustained in respect to Lee, insofar as simple negligence is alleged.

Plaintiff's motion also charges Lee with gross negligence. The legal situation is different in that circumstance. While one acting in a supervisory capacity and performing duties which require judgment and the exercise of discretion will not be held liable for simple negligence, yet one who commits an intentional tort or whose negligence is so great as to remove him from the scope of his employment is not entitled to the "cloak of sovereign immunity." *Lawhorne v. Harlan*, 214 Va. 405 (1973). By implication, *Messina* at page 311 supports the proposition that the protective shield of sovereign immunity does not apply to commission of acts of gross negligence. *See also* concurring opinion, Poff J., in *Lentz*. Therefore, the plea of sovereign immunity by Lee is denied to the extent of allegations of gross negligence.

### III. *Sovereign Immunity of Morrelli*

From the motion for judgment, it appears that Morrelli was an employee of the county acting in a janitorial or custodial capacity. Gross negligence is also alleged against him. To the extent that gross negligence is not a protection to Lee by way of sovereign immunity, it is likewise not for Morrelli. Likewise, Morrelli was not responsible for supervisory functions or specifically with the exercise of discretion nor of judgment beyond the performance of ministerial acts. "[A]n employee of a State agency who performs duties which do not involve judgment or discretion but which are purely ministerial is liable for injury which results from his negligence." (Citations omitted). *Lawhorne* at page 407. Consequently, Morrelli's plea of sovereign immunity is denied.