983 F.2d 1055
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Victor Manuel CRUZ, Plaintiff-Appellant,
and
Maria Claribek Cruz, Plaintiff,
v.
BOARD OF SUPERVISORS, FAIRFAX COUNTY; Audrey Moore; Martha
V. Pennino; Joseph Alexander; Sharon Bulova; Thomas M.
Davis, III; Katherine K. Hanley; Gerald Hyland; Elaine
McConnell; Lilla Richards; John E. Granfield; R. L.
Smith, Defendants-Appellees.
 No. 91-1547.
 United States Court of Appeals,
Fourth Circuit.
 Argued: November 30, 1992
Decided: January 7, 1993
As Amended Jan. 27, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Alan S. Toppelberg, for Appellant.
 Robert Marvel Ross, Assistant County Attorney, for Appellees.
 David Kayson, LAW OFFICE OF DAVID KAYSON, for Appellant.
 David T. Stitt, County Attorney, Robert Lyndon Howell, Deputy County Attorney, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiff Victor Cruz appeals the district court's order denying in part Cruz's motion to compel discovery as well as its order granting summary judgment in favor of appellees. Finding no error, we affirm.
 
 
 2
 * Following a high-speed car chase, Fairfax county police forcibly arrested Cruz, who was extremely intoxicated and had sought to evade them even after four police cruisers had surrounded him. An internal affairs investigation resulted in the termination of one of the arresting officers.[1] Cruz subsequently brought this section 1983 action (and pendent state claims) against the dismissed officer, other unknown officers at the scene, the Chief of Police, and the Board of Supervisors of Fairfax County. Cruz alleged a deliberate indifference to his rights evidenced by a pattern of excessive force by the county police officers and inadequate training and supervision of those officers.
 
 
 3
 Claiming executive privilege, the police chief and the county objected to Cruz's discovery requests for the internal affairs documents relating not only to this incident but also other alleged incidents of excessive force by county police officers over a ten-year (later reduced to a seven-year) period. The magistrate-judge denied in large part Cruz's subsequent motion to compel discovery, and the district court affirmed. After the district court granted defendants' motion for summary judgment, Cruz appealed.
 
 II
 
 4
 We review a district court's determinations as to the scope and conduct of discovery for abuse of discretion. E.g., Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988). We conclude that under the facts of this case the district court did not abuse its discretion.
 
 
 5
 The magistrate-judge ordered the county to produce the factual information contained in the internal affairs report of its investigation into the Cruz arrest but allowed the county to redact nonfactual information. See J.A. at 206-07 ("I'm going to deny the Motion to Compel that portion of the Internal Affairs' investigation which includes analysis, conclusions-analysis or conclusions prepared by counsel or other investigating personnel.") (statement on original hearing[2]). The magistrate denied access to reports regarding other incidents, but required that the county state what it did "as a result of all these claims of excessive force." Id. at 206. Following a hearing, the district court summarily affirmed the magistrate. Id. at 248 ("I think what you [the plaintiff] are asking for is too broad. I find that the magistrate has ordered that you be provided with the discovery that would be relevant to this case.").
 
 
 6
 Cruz argues that "[w]ithout access to these[internal affairs] documents, it would be impossible for any plaintiff in as 1983 case to show what supervisory officials knew, and thus it would be impossible to meet the deliberate indifference standard." Appellants' Br. at 8.[3] Cruz relies primarily on Spell v. McDaniel, 591 F. Supp. 1090 (E.D.N.C. 1984), aff'd in part and vacated and remanded in part, 824 F.2d 1380 (4th Cir. 1987), cert. denied sub nom. Fayetteville v. Spell, 484 U.S. 1027 (1988), a case in which the defendant City of Fayetteville also resisted disclosure of internal affairs and other investigative documents relating to incidents of excessive force. The court in that case ordered production of the documents, subject to certain exceptions and in camera review. It concluded that "[o]nly if the damage to the executive department or the public interest from disclosure significantly outweighs the harm to plaintiffs from nondisclosure will the privilege be upheld." Id. at 1116; accord, e.g., Skibo v. City of New York, 109 F.R.D. 58, 61-64 (E.D.N.Y. 1985) (discovery of internal affairs documents relating to other incidents).
 
 
 7
 Defendants respond that reversing the district court"would strike at the heart of any Department's ability to fully and frankly investigate incidents of this type and to police its own, as disclosure has a 'chilling effect' upon the ability of police administrators to obtain candid information." Appellees' Br. at 14. They rely primarily on Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973), a case also cited by the Spell court, which sets forth an extensive list of factors for courts to consider when executive privilege is invoked in the context of discovery of police investigation files in a civil rights case. As in Spell, the court spoke of balancing "the public interest in the confidentiality of governmental information against the needs of a litigant to obtain data." Id. at 344. Defendants argue that the district court ruling is supported by reference to the factors considered by the Frankenhauser court (though the district court did not itself reference them) and note that the court in Frankenhauser likewise denied the plaintiff access to evaluative summaries. Id. at 345.
 
 
 8
 In this case, Cruz requested a vast amount of highly sensitive material with little or no notion of what he might find, in what can properly be termed a "fishing expedition."[4] We believe that, under these circumstances, the district court struck a fair balance that accommodated Cruz's interests-by providing him access to the factual components of the report relating to the incident involving him and requiring the defendants to describe its response to earlier charges of excessive force[5]-as well as the interests of the county in protecting sensitive information. We cannot conclude that, on the facts presented here, its compromise constituted an abuse of discretion.
 
 III
 
 9
 In his effort to withstand summary judgment, Cruz argues that "[e]ven the limited information [he] was provided during discovery indicated that the unreasonable use of the night stick in the instant case was not an isolated incident." Appellants' Br. at 14. The defendants respond that Cruz offered no evidence about other incidents or any unconstitutional custom, practice or pattern, evidence which is essential to his case. Moreover, they point to numerous policies which prohibit the use of excessive force by Fairfax County police.
 
 
 10
 We agree with the district court that summary judgment was justified on this record. Generally, proof of a single incident of unconstitutional activity is insufficient to impose municipal liability. Tuttle, 471 U.S. at 823-24 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.") (plurality opinion). Rather, such a policy or practice will be inferred only from a history of abuse. Wellington v. Daniels, 717 F.2d 932, 937 (4th Cir. 1983). Cruz has offered no evidence that would support a finding of such a history in the Fairfax County Police Department.
 
 
 11
 The record reveals that the Fairfax County police have a policy against the use of excessive force, see J.A. at 216; they conduct training with respect to the use of force, see id. at 215-16; they have an established practice of promptly investigating allegations of excessive force, see id.; over an almost six-year period, in only nine instances of alleged excessive force was discipline warranted, and even then the circumstances of some cases required no more than a written reprimand or short suspension, id. at 151-52. At the same time, the defendants have repeatedly shown themselves willing to mete out greater punishment where the facts warranted. Of the same nine disciplinary actions, three resulted in the termination of those responsible, and another two officers resigned. Indeed, in the case before us, the particular officer who allegedly used excessive force was relieved of his duties. Appellant has come forward with no evidence whatsoever-by affidavit or otherwise-that would support a claim of deliberate indifference under section 1983. Even Cruz's allegations are vague and conclusory. By way of contrast, in Spell, the "[p]laintiff's complaint [was] replete with factual allegations supporting wellarticulated legal theories," 591 F. Supp. at 1098, and plaintiff set forth his allegations "[i]n detail and with precision," id. at 1097. In short, as the district court concluded, there has been a"complete failure of proof concerning an essential element of the nonmoving party's [Cruz's] case." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The district court therefore properly entered summary judgment against him.[6]
 
 CONCLUSION
 
 12
 For the reasons set forth above, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 There is evidence that at least three other complaints regarding use of excessive force had been filed against the terminated officer. Appellants' Reply Br. at 7
 
 
 [2]
 The parties had a rehearing before the same magistrate. The issue was identical, except the period of the requested evidence was shortened from ten to seven years. The magistrate offered no additional analysis, and the district court summarily affirmed
 
 
 [3]
 A municipality may be liable for the acts of its employees "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). While municipal policy most often, but not always, is found in ordinances and regulations, id. at 661, 694, it may also be found in formal or informal choices of municipal officials authorized to make and implement municipal policy, see Pembaur v. City of Cincinatti, 475 U.S. 469, 481 (1986). " '[P]ersistent and widespread ... practices of [municipal] officials [which] [a]lthough not authorized by written law, [are] so permanent and well settled as to [have] the force of law' " also provide a basis for providing municipal liability. Monell, 436 U.S. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970)). Generally, proof of a single incident of unconstitutional activity is insufficient to impose municipal liability. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion). "[T]he inadequacy of police training may serve as the basis of § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). A municipality's failure to adopt measures to deal with complaints of excessive force or failure to adequately investigate such complaints also can constitute deliberate indifference. Fiacco v. City of Rensselaer, 783 F.2d 319, 326 (2d Cir. 1986), cert. denied, 480 U.S. 922 (1987)
 
 
 [4]
 During the almost six-year period from June 1983 to April 1989, there were 168 complaints of excessive force filed against Fairfax County police officers, all of which were investigated. Disciplinary action was taken in nine of these cases. J.A. at 151
 
 
 [5]
 At oral argument, Cruz's attorney candidly admitted that he was unsure as to what types of information the discovery request would produce. Indeed, he suggested that one purpose of the discovery would be to determine whether the county had vigorously investigated and properly disposed of the prior complaints, a policy or practice not pleaded as a basis for Cruz's complaint
 
 
 [6]
 Cruz also asserted pendent state claims, presumably for assault and battery. J.A. at 9. At the hearing on the summary judgment motion, the district court concluded that both the county and the chief of police "enjoy[ed] sovereign immunity as to the state actions." Id . at 296. Cruz apparently does not appeal this aspect of the summary judgment order, which we address briefly for the sake of completeness
 Virginia governmental entities are immune from suit in tort under the doctrine of sovereign immunity, see Mann v. County Bd. of Arlington County, 98 S.E.2d 515, 518-19 (Va. 1957), a protection which extends to certain employees, Messina v. Burden, 321 S.E.2d 657, 660-61 (Va. 1984). Under the scheme developed in James v. Jane, 267 S.E.2d 108 (Va. 1980), such protection clearly extends to a chief of police. Moreover, under the law of Virginia, respondeat superior may not apply under the facts of this case. See First Virginia Bank-Colonial v. Baker, 301 S.E.2d 8, 11-13 (Va. 1983).