**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GERALD E. SCEARCE,
Plaintiff-Appellee,

v.                                                               No. 95-2307

HALIFAX COUNTY, VIRGINIA,
Defendant-Appellant.

GERALD E. SCEARCE,
Plaintiff-Appellant,

v.                                                               No. 95-2308

HALIFAX COUNTY, VIRGINIA,
Defendant-Appellee.

Appeals from the United States District Court
for the Western District of Virginia, at Danville.
William L. Osteen, Sr., District Judge, sitting by designation.
(CA-94-20-D)

Argued: July 10, 1996

Decided: September 5, 1996

Before WILKINS and LUTTIG, Circuit Judges, and
G. ROSS ANDERSON, JR., United States District Judge for
the District of South Carolina, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded with instructions by
unpublished opinion. Judge Wilkins wrote the opinion, in which
Judge Luttig and Judge Anderson joined.

_____

**COUNSEL**

**ARGUED:** Elizabeth Kay Dillon, WOODS, ROGERS & HAZLE-GROVE, Roanoke, Virginia, for Appellant. Alexander Wayne Bell, Lynchburg, Virginia, for Appellee. **ON BRIEF:** W. Fain Rutherford, Thomas M. Winn, III, WOODS, ROGERS & HAZLEGROVE, Roanoke, Virginia; W. Carrington Thompson, Chatham, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

WILKINS, Circuit Judge:

A jury returned a verdict in favor of Gerald E. Scearce, finding that Halifax County, Virginia had terminated his employment in violation of his rights under the First Amendment, see 42 U.S.C.A. § 1983 (West 1994), and in violation of Virginia law. The County appeals the judgment awarding actual and punitive damages, as well as attorneys' fees, and Scearce challenges the amount of the attorneys' fees award. We affirm the award of actual damages and attorneys' fees, reverse the award of punitive damages, and remand for entry of an amended judgment.

I.

Scearce was employed as a truck driver at the County landfill beginning in 1990. During the course of his employment, he became aware of a pattern of illegal use of property and resources belonging to the County by its Director of Public Works, Leroy Farmer. Scearce ultimately recorded incriminating videotape of missing County property that substantiated wrongdoing by Director Farmer. Scearce brought the improper conduct and the videotape to the attention of his immediate superior and other County officials, including a member of

2

the Board of Supervisors, Richard Abbott. These officials cautioned Scearce that he might be terminated as a result of his whistleblowing activities and informed him that others in his situation had been threatened with discharge.

Soon afterward, in January 1992, Scearce was invited to attend a meeting with Director Farmer and Administrator Robert Lawler during which Scearce was questioned concerning his 1990 employment application. Scearce acknowledged that he had been employed briefly by a company that was not listed on his application form. He explained, however, that he had been unaware of any omission since his grandmother had completed the application form for him because he was illiterate. Administrator Lawler thereafter attended a meeting of the Board of Supervisors and stated that Scearce should be terminated for falsifying his personnel records, an offense under the applicable personnel policy punishable by discharge or suspension for one to 30 working days. When Administrator Lawler raised the issue, Supervisor Abbott discussed the existence of the videotape recorded by Scearce and a heated discussion among the members followed. The Board finally decided by a vote of six to one to permit Administrator Lawler to handle the matter as he deemed most appropriate. Administrator Lawler thereafter terminated Scearce.

Scearce subsequently brought this lawsuit. His first cause of action alleged a violation of 42 U.S.C.A. § 1983, maintaining that he was terminated for exercising his First Amendment rights. His second cause of action alleged that his termination violated Virginia law. The jury found in Scearce's favor on both causes of action, awarding $155,417.24 in actual damages and $75,000 in punitive damages. Thereafter, the district court awarded reasonable attorneys' fees and costs to Scearce. Although both parties appeal, we conclude that only the County's claim that it is entitled to sovereign immunity warrants extended discussion.

II.

The County maintains that the district court erred in failing to grant its motion for judgment as a matter of law with respect to Scearce's claim predicated on Virginia law, asserting that it is entitled to sovereign immunity. Under Virginia law, counties are entitled to sovereign

3

immunity from tort actions unless that immunity has been waived. See, e.g., Mann v. County Bd. of Arlington County, 98 S.E.2d 515, 519 (Va. 1957); Commonwealth v. Chilton Malting Co., 152 S.E. 336, 338-39 (Va. 1930). And, Virginia law permits the recovery of punitive damages only if an action sounds in tort. See Kamlar Corp. v. Haley, 299 S.E.2d 514, 516-18 (Va. 1983); see also Cancun Adventure Tours, Inc. v. Underwater Designer Co., 862 F.2d 1044, 1048 (4th Cir. 1988); cf. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (local government not liable for punitive damages under § 1983). Consequently, the punitive damages verdict against the County must be set aside unless the County has waived its sovereign immunity defense.

The Commonwealth has not expressly waived the sovereign immunity traditionally afforded to counties. See Va. Code Ann. § 8.01-195.3 (Michie Supp. 1996); Messina v. Burden, 321 S.E.2d 657, 660 (Va. 1984). Scearce, however, contends that the County waived this defense by failing to raise it timely. Our review of the amended answer submitted by the County convinces us that it failed to specifically plead the defense of sovereign immunity. See Fed. R. Civ. P. 8(c) (any "matter constituting an avoidance or affirmative defense" must be affirmatively pled).[1] But, waiver does not necessarily result from a defendant's failure to raise an affirmative defense in the answer. "Where the matter is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply precisely with Rule 8(c) is not fatal." Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983) (per curiam); accord Dresser Indus., Inc. v. Pyrrhus AG, 936 F.2d 921, 928 (7th Cir. 1991). The County raised the defense of sovereign immunity from suit in its motion for judgment at the close of the evidence, and Scearce is unable to dem-

_____

[1] It is questionable whether the defense of sovereign immunity may be waived by a failure to comply with federal procedural rules. See Simmons v. City of Philadelphia, 947 F.2d 1042, 1084-86 (3d Cir. 1991) (indicating that procedural default cannot result in waiver when defense of sovereign immunity may not be waived under state law), cert. denied, 503 U.S. 985 (1992); Mann, 98 S.E.2d at 519 (holding that defense of sovereign immunity is jurisdictional and may not be waived under Virginia law). We need not address that question, however, given our conclusion that the County did not waive the defense in this instance.

4

onstrate that he would be unfairly prejudiced by an amendment of the pleadings. We, therefore, deem the County's answer amended to raise the defense of sovereign immunity. See Fed. R. Civ. P. 15(b). As a consequence, we conclude that the award of punitive damages against the County is improper.

III.

We have carefully considered the other issues raised by the parties and find them to be without merit. The award of compensatory damages was supported by the finding of wrongful termination under Virginia law.[2] In addition, the jury instructions given by the district court were proper because Administrator Lawler was a final policymaking official of the County in this instance, rendering the County liable for the termination found by the jury to have been based on Scearce's exercise of rights protected by the First Amendment in violation of § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Greensboro Professional Fire Fighters Ass'n v. City of Greensboro, 64 F.3d 962, 964-66 (4th Cir. 1995). Finally, we reject Scearce's claim that the district court abused its discretion in establishing the attorneys' fees award. See City of Burlington v. Dague, 505 U.S. 557, 566 (1992) (noting that "[c]ontingency enhancement is . . . not consistent with our general rejection of the contingent-fee model for fee awards, nor is it necessary to the determination of a reasonable fee"). Accordingly, we affirm in part, reverse in part, and remand for entry of an amended judgment.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS

_____

[2] Although sovereign immunity protects counties against tort liability, it does not protect against liability premised on contractual obligations. Wiecking v. Allied Medical Supply Corp., 391 S.E.2d 258, 260-61 (Va. 1990). And, the instruction given by the district court permitted the jury to return a verdict on a theory sounding in contract. Cf. Jenkins v. County of Shenandoah, 436 S.E.2d 607, 609 (Va. 1993) (recognizing that an implied contractual right of action exists under Article I, § 11 of the Constitution of Virginia); City of Norfolk v. Kohler, 362 S.E.2d 894, 896 (Va. 1987) (acknowledging that public employees who possess a right to continued employment in the absence of cause for their termination have an enforceable right).

5