## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Gary W. Bowman

v.

Rappahannock Electric
Cooperative et al.

August 19, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

This action arises out of the termination of the plaintiff's employment by the Cooperative. The plaintiff filed a four-count motion for judgment seeking compensatory and punitive damages. The defendants demurred.

At a hearing on March 21, 1988, the court overruled the defendants' demurrer to Counts I and II, and sustained the defendants' demurrer to Counts III and IV. In addition, the court sustained the individual defendants' demurrer to all counts of the motion for judgment. An order incorporating these rulings was entered on April 4, 1988.

Thereafter, the plaintiff filed an amended motion for judgment. Counts I and II are essentially the same as those in the original pleading. The original claim of intentional infliction of emotional distress has not been repleaded. Count III of the amended motion alleges a conspiracy among the defendants to discharge the plaintiff and to destroy his career.

The defendants have demurred to the amended motion. They contend that the new Count III does not overcome the deficiencies of the original conspiracy count. They also contend that the plaintiff does not allege sufficient facts to entitle him to punitive damages. The court heard arguments on this demurrer on August 8, 1988, and took the matter under advisement.

For the reasons explained at the March 21st hearing, this court is of the opinion that Count I and II state a cause of action within the narrow exception to the rule of terminability known as "retaliatory discharge." Virginia adheres to the common law doctrine of employment-at-will. *Stonega Coal Co. v. Louisville and Nashville R.R. Co.*, 106 Va. 223 (1906); *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987). Ordinarily, under that rule, either party to an at-will employment agreement is at liberty to terminate it upon giving the other party reasonable notice. A pleading that seeks damages for the termination of an employment contract is demurrable where the allegations do not give rise to a fair inference of a specific period for its intended duration and do not sufficiently allege substantial additional consideration taking it out of the category of an employment at will. *Miller v. SEVAMP, supra.* Here, the plaintiff's allegations in Counts I and II do not contain facts to take this case out of the category of an employment at will. However, he alleges that his employment was wrongfully terminated in retaliation for certain actions that he took in the public interest. In *Bowman v. Bank of Keysville*, 229 Va. 534 (1985), the Court recognized a "narrow exception to the employment-at-will doctrine" limited to discharges which violate public policy, "that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety or welfare" of the general public. The exception does not make actionable those discharges of at-will employees "which violate only private rights or interests." *Miller v. SEVAMP, supra.* As noted above, the plaintiff has alleged sufficient facts to bring his action within the exception recognized and explained in *Bowman.*

In Count I, the plaintiff alleges that the discharge was "wrongful, improper, unconscionable and illegal." (In Count II, these characterizations are not repeated verbatim, but Count II does expressly incorporate and reallege the

matters set forth in Count I.) The defendants argue that these allegations are not sufficient to support a claim for punitive damages. The court agrees.

In the context of this tort action, punitive damages are recoverable if the wrongdoer "acted wantonly, oppressively, or with such malice as to evince a spirit of malice or criminal indifference to civil obligations." See, for example, *Wallen v. Allen*, 231 Va. 289 (1986). The words chosen by the plaintiff are colorful, and clearly are intended to assert a claim that arises out of more than merely negligent conduct. However, the words "wrongful" and "improper" fall short of describing the sort of aggravated misconduct for which a wrongdoer may be punished; the word "unconscionable" has no particular legal meaning outside the fields of contract law and commercial transactions; and "illegal," while implying something criminal or outside the bounds of the law, is not the same as or similar to "wantonness," "oppressiveness," or "malicious spirit" which are the types of misconduct for which punitive or exemplary damages are available in tort actions. Although there is no magic to any of these words and phrases, the court is of the opinion that the plaintiff's amended motion does not allege the type of aggravated misconduct that would entitle him to recover punitive damages. Accordingly, the defendants' demurrer to the claim for punitive damages will be sustained.

Count III is deficient for the same reasons that the demurrer to Count IV of the original motion for judgment was sustained. The Virginia statute proscribing conspiracies to injure another in his *trade, business,* or *profession,* do not extend to an alleged conspiracy which has as its target the plaintiff's *employment. Campbell v. Charlotte County,* 553 F. Supp. 644 (E.D. Va. 1982). Although the plaintiff argues that his new conspiracy claim is not based on Virginia Code § 18.2-499 et seq., a fair reading of it shows otherwise. For example, in paragraph 31, the plaintiff concludes his allegations of conspiracy with the phrase, "all in violation of Section 18.2-499 et seq. of the Code of Virginia 1950 as amended." He specifically refers again to the statute in his prayer for relief. Thus, Count III of the amended motion is demurrable.

Even if the plaintiff removed all references to the statute, he would be faced with the simple, well-recog-

nized rule that a corporation cannot conspire with itself and that the acts of its agents are the acts of the corporation. *See, e.g., Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985). The conspiracy alleged by the plaintiff involves the corporate defendant and its directors. No outsider is named. From the facts pleaded, it is obvious that the individual defendants acted, if at all, as directors of the Cooperative, and thus as agents of the Cooperative, in "conspiring" to discharge the plaintiff from employment with the Cooperative.

The demurrer to Count III of the amended motion will be sustained. Since this is the second time that such demurrer has been sustained, and it is clear that the plaintiff cannot set forth a cause of action based on his particular conspiracy theory, leave to further amend will be denied and the claim will be dismissed.

The demurrer to the claim of punitive damages will be sustained; but because this issue was not directly addressed in the first demurrer, and the plaintiff should be given a fair opportunity to state facts, if he can do so in good faith, which may entitle him to recover punitive damages, the plaintiff will be granted leave to amend within twenty-one days of the date of the order.