## CIRCUIT COURT OF FAIRFAX COUNTY

David Fairfax Oyster

v.

Harold Graydon Mercer

Case No. (Chancery) 111041

Harold Graydon Mercer

v.

David Fairfax Oyster

Case No. (Chancery) 111152

November 8, 1991

By JUDGE ROSEMARIE ANNUNZIATA

This matter is under advisement by the Court to consider the demurrers filed by both the plaintiff and the defendant to the pleading filed by the opposing party. The parties are former partners in an insurance agency business. They operated pursuant to a joint venture agreement between them and also operated as a corporation, Mercer and Oyster, Ltd., each owning 50% of the corporate stock. The litigation was commenced on April 21, 1989, when David Fairfax Oyster and Mercer & Oyster, Ltd., filed suit against Harold Graydon Mercer alleging as its purpose "protecting their rights to certain confidential information and property which has been unlawfully converted by the

defendant . . . for his own use." (Oyster Bill of Complaint, paragraph 1). The plaintiffs seek injunctive relief, an accounting, and damages based on claims of breach of contract (Count I); unfair competition under the Uniform Trade Secrets Act (Count II); and detinue (Counts III and IV). Certain documents underlying the relationship between the parties were appended to and referenced by incorporation into the Bill of Complaint. Mercer demurred to all Counts of the Bill of Complaint. As to the claims for relief brought by the corporate plaintiff in Counts II and III, Mercer further contends that Oyster has no standing to assert claims on behalf of the corporation. The issue of standing is reserved for resolution upon further briefing by the parties.

Subsequent to the filing of the Oyster Bill of Complaint, the defendant named in the Oyster suit, Harold G. Mercer, filed his Bill of Complaint against Oyster alleging that Oyster, in concert with others, breached the terms of the parties' partnership agreement and rendered performance by the plaintiff and continuation of the joint venture impossible. (Mercer Bill of Complaint, paragraph 1). The plaintiff Mercer further alleged that Oyster engaged in "a campaign of distortions and untruth with individuals and organizations who were joint-clients of the parties." *Id.* Mercer seeks dissolution of the partnership, injunctive relief and damages based on Va. Code §§ 18.2-499 and 18.2-500, relating to conspiracy to injure another in his reputation, trade, business or profession (Count II); intentional interference with performance of a contract with third parties (Count III); Libel (Count IV); Slander (Count V); §§ 59-336, et seq., Virginia's Uniform Trade Secrets Act (Count VI); and Detinue (Count VII). Mercer's Bill of Complaint likewise appended certain documents to his pleadings. Oyster demurred to all Counts, except Count I.

The two actions were consolidated for trial by order of this Court on March 9, 1990.

### Demurrer to Oyster's Bill of Complaint

On demurrer, the court accepts as true all material facts that are properly pleaded. The facts admitted are those expressly alleged, those which are impliedly alleged,

and those which may be fairly and justly inferred from the facts alleged. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985). In my judgment, the facts alleged by Oyster in Count I regarding Mercer's failure to service and originate the business, to share in expenses, and to generate commissions for Oyster are sufficient to make out a cause of action for breach of contract. Furthermore, as to the ground for demurrer predicated on the conclusion that Mercer had a proprietary interest in the business records superior to that of Oyster, I find that the facts alleged do not necessarily support this position and that further evidence will be necessary for resolution of this issue. Thus, in the absence of a finding that Mercer has a superior interest in the business records, a claim of breach of contract based on deprivation of access or use of these records will lie. Accordingly, Mercer's demurrer to Count I of the Bill of Complaint is overruled.

I also find that a cause of action based on the Virginia Uniform Trade Secrets Act, §§ 59.1-336 et seq. and detinue are set forth in the allegations of counts II and IV of this suit, and that Mercer's demurrer as to these Counts must be accordingly overruled, except as noted below with respect to the claim for punitive damages. The demurrer to these Counts is predicated on the contention that Mercer has a superior or majority proprietary interest in the business records and other property which are made the subject of these Counts. Mercer also contends that the client lists, which are specifically at issue in Count II, do not constitute trade secrets, as a matter of law.

Addressing the latter contention first, I find that client lists may constitute trade secrets and that there are sufficient factors alleged in this Count to bring the client lists within the ambit contemplated by the Act. Section 59.1-336 of the Virginia Code defines trade secret as "information . . . that (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *See, Dionne v. Southeast Foam Converting & Pkg.*, 240 Va. 297 (1990) ("The crucial characteristic of a trade secret is secrecy rather than novelty"); Annotation, *Former*

*Employee's Duty, In Absence of Express Contract, Not to Solicit Former Employer's Customers or Otherwise Use His Knowledge of Customer Lists Acquired in Earlier Employment,* 28 A.L.R. 3d 7, § 7 (1969). The pleadings amply set forth both the economic value and the confidential nature of the customer lists at issue here.

As to Mercer's second contention, since the question regarding which party enjoys a superior ownership interest in the subject matter of these Counts cannot be conclusively determined from the pleadings, as noted earlier, I find the facts alleged are sufficient to support Oyster's cause of action based on § 59.1-336 et seq. Oyster's claim for punitive damages under Count II, however, is not supported by sufficient facts to withstand challenge upon demurrer.

Accordingly, the demurrer as to Count II is overruled on the ground that Oyster sufficiently alleges facts which may support a finding that the clients lists are trade secrets and on the ground that Oyster sufficiently alleges an ownership interest in the business records which are the subject of this cause of action. However, the demurrer to this count is sustained with respect to the claim for punitive damages. The demurrer to Count IV is likewise overruled on the ground that Oyster sufficiently alleges an ownership interest in the business records. The demurrer to Count III, which sets forth a corporate claim, will be addressed after further argument on the issue of whether Oyster has standing to bring this action on behalf of the corporation.

### Demurrer to Mercer's Bill of Complaint

Mercer's claim in Count II of his Bill of Complaint is premised on Va. Code §§ 18.2-499 and 18.2-500. Section 18.2-499(a) makes it unlawful for two or more persons to combine, associate, agree, mutually undertake, or concert together for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession. In addition, § 18.2-499(b) makes it unlawful for any person to attempt to procure the participation, cooperation, agreement or assistance of any one or more persons to enter into a combination, association, agreement, mutual understanding or concert prohibited in § 18.2-499(a).

Mercer alleges that Oyster "induced a third party engaged in the life insurance business to write to one or more clients of the Oyster-Mercer joint venture to announce Mr. Oyster's 'retirement' and to solicit, with Mr. Oyster's concurrence, client servicing responsibilities as to joint clients." (Paragraph 74, Mercer Bill of Complaint). An agreement, or combination, for the purpose of accomplishing some unlawful purpose or act is inherent in the concept of conspiratorial behavior. *See, Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396 (1985); *Werth v. Fire Adjust. Bureau*, 160 Va. 845 (1933); *Wright v. Commonwealth*, 224 Va. 502 (1982). Because Mercer fails to allege that the third party whom Oyster "induced" to act knowingly combined with him for such an unlawful purpose, I find that the facts alleged do not support a violation of § 18.2-499(a). However, an inference may be drawn that Oyster attempted to conspire for the purpose of willfully and maliciously injuring Mercer in his business. Thus, I find that a cause of action pursuant to § 18.2-499(b) is sufficiently alleged. *Greenspan v. Osheroff*, 232 Va. 388, 396 (1986). Finally, I note that the intracorporate conspiracy doctrine which provides that a corporation and its agents or employees, when acting for the corporation and not for any personal purpose or gain of their own, constitute one entity, and thus cannot conspire, does not apply here because Mercer alleges that Oyster induced a third party to act. *See Bowman v. Rappahannock Elec. Coop.*, 13 Va. Cir. 290 (1988).

Count III of the Mercer Bill of Complaint sets forth a claim based on the intentional interference with the performance of a contract with third parties. The elements of this tort are (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Chaves v. Johnson*, 230 Va. 112, 120 (1980). These elements are encompassed in the factual allegations of this count and the reasonable inferences which can be drawn from them. Thus, the demurrer as to this Count is overruled. However, Mercer's claim for punitive damages is not supported by the allegations of this Count, and therefore, the demurrer as to this claim is sustained.

I find Mercer's claims for relief based on Libel (Count IV) and Slander (Count V) are sufficiently supported by the allegations of these Counts. The alleged libelous and/or slanderous statements are not clearly statements of opinion. Thus, they do not constitute protected speech and are not excluded from the reach of a defamation action. *Chaves v. Johnson, Jr.*, 230 Va. 112, 118-119 (1985); *Blue Ridge Bank v. Veribanc, Inc.*, 866 F.2d 681 (4th Cir. 1989). Furthermore, the words used here impute to Mercer a want of integrity in the discharge of his duties as Oyster's associate and in the conduct of the business. As such, they are sufficient to sustain the Counts. *Rosenberg & Sons v. Crafts*, 182 Va. 512 (1944); *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954). The demurrer to these Counts is accordingly overruled. Mercer's claim for punitive damages, however, is not sufficiently alleged, and as to this claim, the demurrer is sustained.

I find that Count VI sets forth no facts upon which a cause of action pursuant to Va. Code § 59.1-336 et seq. can be based. The demurrer to this count is accordingly sustained. Finally, I find that Count VII sets forth sufficient facts in support of Mercer's claim in detinue. Mercer claims Oyster removed and, inferentially, retains the contents of mail addressed to Mercer and/or his associates. Further particularization of what comprised the contents of the mail is not necessary, in my opinion, to satisfy the requirements for this cause of action. The demurrer to this Count is thus overruled.